*V. Mann*, since also deceased, her executor, &c. That *Ann Woodall* afterwards intermarried with *George Jackson*, since deceased; that the said *Ann* hath since died intestate, and without issue; and that the said legacy, or any part thereof, not having been paid and satisfied either to the said *Ann*, whilst she was sole, or to *George Jackson* in his life-time, after their intermarriage, or to either of them, became due and payable to the said *Elizabeth Thomas*. The defendant rejoined to the replication, that the original writ in this cause was sued forth before the end or expiration of twelve months from the date of the letters of administration granted to the defendant on the estate of *Ann Smith*. To this rejoinder there was a demurrer, which the court overruled, and gave judgment for the defendant. The plaintiff appealed to this court.

The cause was argued before POLK, NICHOLSON, and JOHNSON, J. by

*James Scott* and *Houston*, for the Appellant; and by *Carmichael*, for the Appellee.

The questions were, that if the legacy vested in *Ann Woodall*, then the limitation over was void, or if the suit was brought before it ought to have been, then the judgment ought to be affirmed. The decision was upon the ground that the limitation over was void.

JUDGMENT AFFIRMED.

---

DOWNES vs. THE STATE, use of TILDEN, *et ux.*   DEC. (E. S.)

APPEAL from *Queen-Anne's* County Court. Debt on an administration bond, executed to the state on the 30th of October 1790, by *Jacob Clayland*, as administrator *de bonis non*, (*Elizabeth Costin*, deceased, having been the executrix,) of *John Costin*, with the will annexed, with *John Price*, and the defendant, (now appellant,) as his sureties. The defendant pleaded general performance by *Clayland*; also a general performance by *Clayland*, in his lifetime, and by his executrix since his death; to which pleas non performance was replied, and the breach assign-

In an action on an administration bond given by J G, as administrator D B N of J C, of the goods unadministered by E C, the former executrix, to the plaintiff's replication that there remained in the hands of J G l217 1 7, clear personal estate, after payment of debts, due and payable to A, the daughter of J C, the defendant rejoined, that E C did, as the guardian of A, the said

dian of A, receive, and as executrix of J C did pay and satisfy to herself, as guardian of A, the said sum of l217 1 7. Demurrer thereto ruled good; but on appeal reversed.

Where the balance due on an account passed by E C, as executrix of J C, was l277 14 1, and the amount of the inventory returned by J G as administrator D. B. N. was l214 2 6, the county court refused to direct the jury that the sum of l63 11 7, the difference between those two sums is to be taken as part payment to E C of her one third share of the personal estate bequeathed to her by J. C.

ed in each replication, was the nonpayment of all that part of *John Costin's* personal estate which was bequeathed by him, after the payment of his debts, to be equally divided between his wife *Elizabeth Costin,* and his two daughters, *Sarah* and *Ann,* and their assigns, for ever; but if either of his daughters should die before the age of 16 years, or day of marriage, that then the survivor should have her sister's part thereof to her and her assigns for ever. Averment, that *Sarah,* one of the legatees, departed this life under the age of 16 years, and unmarried, whereby the said third part of the whole of the personal estate of *John Costin,* so bequeathed to the said *Sarah,* became due and payable to the said *Ann,* and the other third part of the said remaining part of *John Costin's* personal estate became due and payable to the said *Ann* by the will of the said *Costin;* which said *Ann* intermarried with *M. Tilden,* at whose, and the said *Anne's* instance, this suit was brought. That there remained in the hands of *Clayland* the sum of £217 1 7, clear personal estate, which was of the said *Costin* after the payment of his debts, and satisfying *Elizabeth Costin* her third part of the whole estate bequeathed to her by her husband, which said sum became due and payable to the said *Ann* in manner aforesaid, by the will of the said *John Costin,* and by the death of her sister *Sarah,* &c. *Rejoinder* to the first replication, that *Elizabeth Costin,* the executrix of *John Costin,* who took upon herself the burthen of executing the same, was by the will of *John Costin* constituted guardian to the said *Sarah* and *Ann,* and accepted of the trust and guardianship; and that she did, as guardian of the said *Sarah* and *Ann,* receive, and as executrix of *John Costin* did pay and satisfy, to herself as guardian of the said *Sarah* and *Ann,* the said sum of £217 1 7. *Rejoinder* to the second replication, that there did not remain in the hands of *Clayland,* of the clear estate of *Costin* unadministered by *Elizabeth Costin* after all payments, &c. the sum of £217 1 7 due to the said *M. Tilden,* and *Ann* his wife; nor did there remain in the hands of *Clayland,* due to *M. Tilden* and *Ann* his wife, any sum of money whatever. Upon this rejoinder issue was joined. To the rejoinder to the first replication there was a demurrer, which the county court ruled good.

At the trial of the issue in fact, the plaintiff produced an account passed by *Elizabeth Costin,* as executrix on *John*

*Costin's* estate, leaving a balance due to the estate on the 13th of June 1789, of £277 14 1, and proved by the register of wills that no other account was passed by her. The plaintiff also offered in evidence the will of *John Costin*, dated the 26th of March 1784, in which, among other devises and bequests, is the following: *"Item. I give and devise my whole personal estate, of what nature soever, after my just debts are discharged in manner aforesaid, to be equally divided between my aforesaid wife, and two daughters Sarah and Ann, and their assigns, for ever, but if either of my daughters shall die before the age of sixteen years, or day of marriage, then the survivor shall have her sister's part thereof to her and her assigns for ever." "I do hereby constitute and appoint my said wife guardian of my said daughters, and every of them, and to have the care of their respective estates until they respectively arrive at the age of sixteen or day of marriage; and lastly, I do constitute and appoint my said wife executrix of this my last will and testament."* The plaintiff also produced the inventory returned on the 3d of November 1790, by *Jacob Clayland* on the estate of *John Costin*, amounting to £214 2 6. And prayed the court to give the following instruction to the jury. If the jury shall believe that *Elizabeth Costin* received from the estate of *John Costin* a sum of money beyond what was paid away in the course of her administration, and that she held in her hands, unapplied to *John Costin's* estate, to the amount of £277 14 1 unaccounted for at her death, and that the amount of the property which came to the hands of *Jacob Clayland*, administrator *de bonis non* of *John Costin*, amounts to £214 2 6, that the sum of £63 11 7, the difference between the balance of her last account, and the inventory of the administrator *de bonis non*, is to be taken as part payment of her share of the *residuum* of *John Costin's* personal estate bequeathed to her under his will. But the Court, [*Worrell*, A. J.] refused to give such instruction, being of opinion that *Elizabeth Costin*, under her bond, was liable for that sum. Verdict for the plaintiff, and damages assessed to £290 13 8. Judgment was rendered upon the verdict for the plaintiff, and the defendant appealed to this court.

The cause was argued before POLK, NICHOLSON, and JOHNSON, J.

1811.

Thomas
vs
Denning

*Bullitt*, for the Appellant. By the bond given by *Clay-land*, his sureties could only be liable for what came to his hands of the estate of *John Costin*, unadministered by *Elizabeth Costin. Clayland*, himself, if he received the property, was liable, but not as administrator *de bonis non*, or under the bond. The general demurrer to the rejoinder, that *Elizabeth Costin* was the guardian of *Ann*, accepted the trust, and paid over the money she received as executrix, to herself as guardian, admits the facts; therefore she did pay over the money; and no presumption is necessary of the payment over, as the demurrer admits it. After the lapse of a year the legacy vested, or must be presumed to have been paid over to the guardian. He cited 2 *Harr. Ent.* 228, 329. *Harris vs. Wright*, (decided in the late general court.) 2 *Bac. Ab.* 386; and *Quynn vs. The State, use Pue*, et al. 1 *Harr. & Johns.* 36.

*Carmichael*, for the Appellee.

JUDGMENT REVERSED.

DEC. (E. S.)

The admissions of the assignor of a bond, made subsequent to the assignment, of payments in part of the bond having been made to him, are admissible in evidence.

THOMAS's Ex'x. vs. DENNING, use of PAGE.

APPEAL from *Kent* County Court. Action of debt, brought on the 18th of April 1804, on a bond executed by the testator of the defendant, (now appellant,) to the plaintiff *Denning*, (now appellee,) on the 22d of September 1792, conditioned for the payment of £400 current money on the 1st of January 1796, with interest from the 1st of January 1793. The defendant pleaded payment. At the trial the defendant produced an account stated between *Denning* and the defendant's testator, in which the former was charged with sundry sums of money due to the latter, commencing on the 1st of January 1793, and ending on the 1st of January 1794, and credit given on the 1st of January 1793, of a bond for £300, and interest thereon to the 1st of January 1794; also with a bond in October 1792, with interest from the 1st of January 1793, and payable the 1st of January 1796, for £400, and also with the interest thereon from the 1st of January 1793, to the 1st of January 1794, leaving a balance due on that account from *Thomas* to *Denning* of £73 11 9¼, to which account was the following acknowledgment, signed by *Denning* (and proved to be his handwriting,) on the 2d of