JUNE (E. S.)     SEEGAR's EX'RS. *vs.* THE STATE use of BETTON.

A having intermarried with B, who was the administratrix of C, the personal estate of C came to his hands and possession, and upon a settlement of their administration account, a distributive share of the balance against them was due to D, to whom A was appointed guardian. In an action on A's bond as guardian, brought against his executors, he being dead—*Held*, that B, and her sureties, on the estate of C, were released from all responsibility on account of it, and A and his sureties became answerable for it on his bond as guardian; and that B, and her sureties, being thus exonerated and discharged, she was a competent and admissible witness in such action.

Where the same person, who acts as the administrator of a deceased party, is appointed guardian to the representatives, whatever balance is in his hands at the rendition of a *final* account, (and perhaps even prior to that time,) is in his hands and possession, *not as administrator* to the deceased, but as *guardian* to the representatives

APPEAL from *Queen Anne's* county court. An action of debt was brought in the name of the state, for the use of *Joseph E. Betton*, on a bond executed by the appellee's testator, on the 29th of July 1810, as the guardian of *Betton*. The breaches of the condition of the bond, which were assigned in the declaration, were, that the testator, as guardian of *Betton*, did not faithfully account with the orphans court, as directed by law, for the management of the property and estate of his ward. That the intestate became possessed of real and personal estate of *Betton*, which his executors did not deliver over to him upon his arrival at age, which happened before the impetration of the original writ in this cause, but altogether refused, &c. That *Betton* was entitled to receive of the executors the sum of $1538, which the testator received, but did not account for in his life-time, and which the executors, although often thereto required, have refused to pay over to him since the death of the testator, &c. That the testator did not discharge the duties of guardian to *Betton* according to law, and that he, in his life-time, did not, nor the executors since his death have not, delivered over to *Betton* his personal estate, according to law. The executors were ruled to answer the declaration, but they neglected to do so, and a judgment was rendered against them by default. A proceeding was therefore had in the nature of a writ of inquiry, executed at bar, to inquire of the damages and costs in the usual manner.

1. At the execution of the inquiry at bar, the plaintiff, for the purpose of ascertaining the damages, read in evidence the accounts of the testator as guardian, commencing in 1809, and ending in 1814, showing a balance due to the testator, as guardian, of £64 11 7. The plaintiff then, for the purpose of charging the defendants with *Bet-*

ton's proportion of the personal estate of his father *Turbutt Betton,* read in evidence a certificate of the letters of administration on the estate of *T. Betton,* granted to *E. Betton* on the 13th of June 1809. Also an inventory returned by her on the said estate, amounting to $3346 46. Also the administration accounts passed by *T. Seegar,* (the defendant's testator,) and *E* his wife, as administratrix of *T. Betton,* leaving a balance to be accounted for of $3385 68½. The plaintiff then proved, that *T. Seegar,* the guardian, intermarried with *E. Betton* about twelve months after the death of *T. Betton,* and that the property, which was of *T. Betton* at the time of his death, remained in the possession of his widow at the time of her marriage. The plaintiff then offered to prove, by *E. Seegar,* the widow of *T. Seegar,* and the administratrix of *T. Betton,* the articles of property which came into the possession of *T. Seegar,* of the estate of *T. Betton,* at the time of the marriage, and also to prove the age of *Joseph E. Betton,* and the time he arrived at age. But the defendants objected to her being sworn, as being incompetent on account of interest. But the court, [*Earle,* Ch. J. and *Purnell,* A. J.] determined that she was a competent and admissible witness, and permitted her to be examined, being of opinion, that *T. Seegar,* being the husband of the administratrix of *T. Betton,* while he acted as guardian for *Joseph E. Betton,* was by operation of law in possession, as guardian, of the distributive share of the estate of the deceased, to which his ward, *Betton,* was entitled, and that *E. Betton,* and her sureties on the administration bond, were in like manner, by operation of law, exonerated from all liability for the amount of the distributive share, whether *T. Seegar* was, in point of fact, possessed of the said distributive share or not. The defendants excepted.

2. The plaintiff then proved by *E. Seegar,* the administratrix of *T. Betton,* that he died in March 1809, and that she intermarried with *T. Seegar,* the defendant's testator, in April 1810. That her son, *Joseph E. Betton,* arrived at age in 1819. That the property contained in the inventory, with the exception of some articles which were consumed, sold and used by her, came into the hands and possession of *T. Seegar,* at the time of his marriage. That the following property, viz. &c. amounting to $382 79, did not come to the hands and possession of *T. Seegar.*

The defendants then prayed the court to direct the jury, that the evidence was not sufficient to charge the defendants for the amount of *J. E. Betton's* distributive share, according to the final accounts passed by *T. Seegar* and wife; and that the defendants are only answerable for so much of the personal estate of *T. Betton* as appears, by testimony, to have come into the hands and possession of *T. Seegar* the guardian. Which direction the court refused to give. The defendants excepted. An inquisition being found for the plaintiff, and judgment rendered thereon, the defendants appealed to this court.

The cause was argued before BUCHANAN, MARTIN, and STEPHEN, J. by

*Carmichael,* for the Appellants, and by

*Harrison,* for the Appellee.

The opinion of the court was delivered by

MARTIN, J. This was an action, instituted in the name of the State, for the use of *Joseph E. Betton,* against the executors of *Thomas Seegar,* upon a guardian's bond. There was a judgment by default, and a proceeding in the nature of a writ of inquiry to be executed at bar, was ordered by the court. On the trial two bills of exceptions were taken by the counsel for the defendants. The *first,* an objection to the competency of a witness produced on the part of the plaintiff; and the *second,* upon the merits of the question then depending before the jury.

It appears from the record, that letters of administration were granted to *Elizabeth Betton* on the estate of her deceased husband, *Turbutt Betton,* on the 13th of June 1809. That being thus the administratrix of her husband, and *as such* possessed of his personal estate, she some time early in the year 1810, (twelve months after the death of her first husband,) intermarried with *Thomas Seegar.* That *Thomas Seegar,* and his wife, went on to settle the estate of *Turbutt Betton.* They returned, as administrators, several accounts to the orphans court, and on the 13th of February 1816 rendered a *final* account, admitting a balance in their hands of $3385 68¼. One third of this balance, $1128 54, *Thomas Seegar* had a right to retain as the property of his wife, leaving the sum of $2257 09 in his hands, to be paid over to the representatives. On the

1804.

Seegar
vs
The State

29th of July 1810, *Thomas Seegar* was appointed guardian to *Joseph E. Betton*, and entered into the bond upon which this suit has been brought.

It is an established principle of law, that where the same person who acts as the administrator of a deceased party, is appointed guardian to the representatives, that whatever balance is in his hands at the rendition of a *final* account, (and perhaps even prior to that time,) is in his hands and possession, *not as administrator* to the deceased, but as *guardian* to the representatives. This transfer is by operation of law. The administrator having in his hands a balance that ought to be paid over to the guardian, and *one person representing both these characters*, he cannot pay the money over to *himself*, nor, if the payment was refused, is there any person who could enforce it. Under these circumstances, the law, by *implication*, considers it in the hands and possession of the party in *that representative character* that ought to receive it. *Thomas Seegar*, acting as administrator of *Turbutt Betton* in consequence of his marriage with *Elizabeth Betton* the administratrix, and admitting by his final account that he had a balance of $2257 09 in his hands due to the representatives, and being at that time the guardian of *Joseph E. Betton*, whatever sum was due to him was, by operation of law, in the hands of *Thomas Seegar* as his guardian. The administratrix, and her securities, on the estate of *Turbutt Betton*, were completely discharged and released from all responsibility on account of it, and *Thomas Seegar*, and his securities, became answerable for it on his guardian bond.

But it has been contended, that although the general rule, that where the same person is both administrator and guardian, the balance, upon a final settlement of the deceased's estate, shall be considered in the possession of the *guardian*, is correct, the executors of *Thomas Seegar* ought not to be accountable for the whole amount of the sum stated to be due by the final account, because it is in proof that the whole property did not come to his hands and possession, but that a considerable part was wasted by the wife before her marriage with *Thomas Seegar*.

If the amount of property wasted by the wife, before her intermarriage with *Thomas Seegar*, had been *more* than the sum she was entitled to receive upon the settlement of *Turbutt Betton's* estate, a question might arise, which is

1824.

Insurance Comp'y
vs
Smith

not necessary to be considered in this case, as it is not brought into view by the testimony in the record. It appears from the final account on *Turbutt Betton's* estate, that the sum of $3385 68½, was in the hands of the administratrix and her husband, to be distributed according to law. One third of this sum, $1128 54, was due to the widow as her part of the estate. Before her marriage with *Thomas Seegar* she had wasted property to the amount of $382 79. The amount of property thus wasted by her, would be considered *in law* as so much received by her in part payment of the sum due to her upon the settlement of the estate, and her husband, in right of his wife, would be authorised to retain *only* so much as she would have been entitled to receive had she remained sole. The sum wasted by the wife not being equal to that she was entitled to retain as the widow of *Turbutt Betton*, it clearly follows that *Thomas Seegar*, at the time he rendered his final account, was in possession of the whole amount of the sum due the representatives, after deducting the widow's thirds.

This statement disposes of both exceptions. If *Elizabeth Seegar*, and her securities on the administration bond, are by operation of law entirely released and exonerated from the debt due to *Joseph E. Betton*, we cannot see that she has any interest that would exclude her from being a witness in this cause.

The judgment of the court below is affirmed on both of the bills of exceptions.

JUDGMENT AFFIRMED.