INHABITANTS OF LANESBOROUGH *vs.* COUNTY COMMISSIONERS OF BERKSHIRE.

Berkshire.   Sept. 13. — Oct. 22, 1881.   LORD & DEVENS, JJ., absent.

An inhabitant of one town, doing business in another town as a manufacturer of iron, sold all the iron on hand, taking promissory notes in payment therefor. Before the first day of May he had ceased to manufacture iron, and was not manufacturing it on that day. *Held,* that the notes were not liable to be taxed on May 1 in the town where he had done business, although they were due and unpaid, and were kept in his safe in that town.

A person filed with the assessors of the town where he did business a list, enumerating in detail his real and personal property in that town, but it did not in terms state that it was all his property liable to taxation there. The jurat recited that " the statement and valuation is correct and true according to his best knowledge and belief." *Held,* that there was a substantial compliance with the requirements of the Gen. Sts. c. 11, §§ 22, 23, 25, 46.

PETITION for a writ of certiorari to quash the proceedings of the county commissioners of Berkshire in abating a tax assessed by the town of Lanesborough upon the estate of John L. Colby. Hearing before *Colt*, J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*T. P. Pingree & J. M. Barker*, for the petitioner.

*M. Wilcox*, for the respondents.

ENDICOTT, J. It appears from the record that John L. Colby, an inhabitant of Pittsfield, was the owner of a furnace for the manufacture of iron, and of certain lands, ore beds and other property connected therewith, in the town of Lanesborough. This business he carried on in the name of the Lanesborough Iron Company. The manufacture of iron at the furnace was suspended in July 1877; and, in April 1878, he sold all the iron at the furnace and delivered it to the purchaser, taking notes in payment of the same. A portion of those notes were due and unpaid May 1, 1879, when the tax which is the subject of this controversy was laid. No business was at that time carried on at the furnace, and it does not appear that the capital represented by the notes was employed or used in conducting any business at the works.

Even if we assume that these notes, or the money represented by them, might be liable to taxation in Lanesborough under the Gen. Sts. *c.* 11, § 12, *cl.* 1, as part of a stock in trade or capital actually employed in the business of manufacturing iron in that town, which question it is unnecessary to decide; yet as no such business was in fact carried on, May 1, 1879, in that town, no tax could properly be laid upon them under the provisions of that clause of § 12. They would be taxable to the owner at the place of his residence as part of his personal property. See *Field* v. *Boston*, 10 Cush. 65. The fact that they appeared upon the books of the Lanesborough Iron Company, and were kept in a safe at the office of the company, would not, under such circumstances, render them taxable in Lanesborough.

The list filed with the assessors of Lanesborough, May 1, 1879, by Colby, was a substantial compliance with the requirements of the statutes. Gen. Sts. *c.* 11, §§ 22, 23, 25, 46. It purports to be a schedule of personal and real estate of the Lanesborough Iron Company in the town of Lanesborough on May 1, 1879,

and recites in detail parcels of land and numerous articles of personal property, and was evidently intended to be furnished under the provisions of §§ 23, 25. The petitioner objects that it does not in terms state that it is all the property of the company liable to taxation in Lanesborough. But it enumerates the property, both real and personal, of the company in Lanesborough at that date, from which it is to be inferred that it was all the property there which was liable to taxation.

The petitioner also contends that the jurat does not state that the list " is full and accurate according to his best knowledge and belief," which are the words used in § 46. But it states that " the statement and valuation is correct and true according to his best knowledge and belief." This is a sufficient compliance with the statute. *Charlestown* v. *County Commissioners*, 1 Allen, 199. It is also to be noticed that § 23 only provides that the person bringing in the list shall " make oath that the same is true."

These are the only objections urged by the petitioner to the list furnished to the assessors. *Petition dismissed.*