THE STATE OF FLORIDA AND THE COUNTY OF ST. JOHNS, IN THE STATE OF FLORIDA, *Appellants,* v. WILLIAM H. BEARDSLEY, WILLIAM R. KENAN, JR., AND WILLIAM A. BLOUNT, TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF HENRY M. FLAGLER, DECEASED, *Appellees.*

1. Taxation, in its true sense, is but a compensation paid by the individual for protection to the person or his property, and therefore the right of taxation is necessarily confined

to the territory in which the person is domiciled, or the property situated.

2. The Legislature, in the absence of organic law, has full power to assess taxes against persons domiciled,or property situated within such State.

3. Real estate is taxable where it is situated; and visible personal property is taxable where it is usually kept.

4. There is a certain class of personal property known as intangible property—property not easily visible, or that can be secretly or easily removed—and there has arisen in law a fiction "*Mobilia sequuntur personam*"—that such class of personal property follows the owner, and is taxable at the domicile of the owner. But this fiction of law is for convenience, and should not be held to prevail against logic and facts.

5. By fiction of law intangible property follows the person, and upon the death of the owner, such property is presumed to be in his possession at the time of his death, and his administrator or executor as the personal representative of the decedent is supposed to have received such property at the place of the decedent's domicile, which is usually the place of the granting of letters of administration, and such property may be taxable at the domicile of the decedent pending the administration of the executorship, even though the executors are non-residents.

6. The fact that property thatis taxable in another jurisdiction has escaped taxation in that jurisdiction will not confer power to tax such property in a jurisdiction where the owner was not domiciled.

7. The correct rule for the interpretation of wills is to ascertain the intent of the testator as expressed in the will; and where this can be ascertained, it is the duty of the court to give effect of such intention. A testator by his will naming the same persons as executors and trustees may create in

such persons a dual capacity, that of executors and that of trustees. An executor is a trustee in a certain sense, but primarily and principally, he is trustee for the creditors and the legatees under the will. And where the same persons are appointed by the will as executors and trustees, and they have paid the debts of the testator, and the legatees under the will, the remainder of the estate vests in them as trustees.

8. A trustee for the purpose of taxation is the owner of the property, and is taxable at his domicile, which may be different from the domicile of the decedent, and while the taxation of property held by an administrator or an executor is taxable at the domicile of the decedent, the property held by a trustee, although vested in him by a will, is taxable at the domicile of the trustee.

9. Two estates may be created by a will, one vesting in the executors the duty of paying the debts of the decedent and all legacies under the will, and the remainder of the estate in trustees.

10. Our statute provides that where property is held in trust, for the purpose of taxation the fiduciary capacity should be stated, and where the State has assessed property of a decedent to trustees, which is the true capacity in which the property is held, and a bill has been brought by the State against the trustees of such property to enforce the payment of such taxes, the State will not be permitted to show that the property was held in a different fiduciary capacity, to-wit, that of the executors.

Decree affirmed.

*McWilliams & Bassett, George C. Bedell* and *Van C. Swearingen,* Attorney General, for Appellants;

*W. A. Blount,* for Appellees.

State et al. v. Beardsley et al. Trustees—Opinion of Court.

### STATEMENT.

This is an appeal from the decree of the Circuit Court for St. Johns County, dismissing a bill brought by the appellants against the appellees, seeking to enforce the collection of taxes for the year 1916. To this bill the appellees filed an answer, and upon the final hearing the lower court dismissed the bill.

Henry M. Flagler, of whose estate the appellees were executors and trustees, by virtue of the provisions of the last will and testament of the decedent, and who, immediately after his death, on May 20, 1913, qualified as such executors and trustees.

Statement of other facts set forth in the body of the opinion.

WILLS, Circuit Judge (*after stating the facts.*)—The right or power of taxation is confined by the territory in which the person is domiciled or the property situated, and in the absence of organic law, the power of the State to tax persons domiciled in or property situated within such State is unlimited. The status of real or personal property which is visible, and not easily moved or secreted, can be readily determined, and is taxable where located, but there is another class of property, known as intangible property, such as debts, money on deposit, etc., the location of which cannot be known to or readily ascertained by the taxing power, and for this reason there has arisen in law a fiction *"mobilia sequuntur personam,"* but this is a mere fiction that must yield to logic and facts, and can never be used for the purpose of taxing property situated in another sovereignty and not subject

State et al. v. Beardsley et al. Trustees—Opinion of Court.

to taxation in the district or state attempting to impose taxation upon property situate in another district or state

An eminent authority, Cooley on Taxation, says: "Taxation and protection are reciprocal. When the state or sovereignty affords no protection to the property or its owner, it has no right to tax either. Taxation is an approximate compensation rendered by the inhabitants of a commonwealth, or the owners of property situated within its borders, for the protection of persons or property by the Government. No protection being afforded, no right to compensation exists."

Intangible property, in contemplation of law, accompanies the perosn of the owner, and is taxable at his domicile, and upon his death such property passes into the custody and control of his administrator or executor at the domicile of the decedent. This court, in speaking upon this subject in refernec to money deposits in banks of another state, in Hunt v. Turner, 54 Fla. 654, text 667, 45 South. Rep. 509, said: "We think it clear, as a general rule, that if a person is domiciled in a state, his personal property, in contemplation of law, has its situs in that state and is taxable there. 1 Cooley on Taxation, 86 and Note; Inhabitants of Lanesborough v. County Commissioners of Berkshire, 131 Mass. 424; Liverpool & L. & G. Ins. Co. v. Board of Assessors, 51 La. Ann. 1028, 25 South. Rep. 970, 72 Am. Rep. 843, text 485; Balk v. Harris, 124 N. C. 467, 32 S. E. Rep. 799; Boyd v. City of Selma, 96 Ala. 144, 11 South. Rep. 393, 16 L. R. A. 729, and Note.

"There are some exceptions to this general rule. For instance, where the investment of funds of a non-resident is controlled by an agent of the owner, and loaned and

re-loaned by him to the citizens of the state where he keeps the funds or notes and securities taken and held by the agent, in his possession and under his control, there, these notes and securities have a business situs where they are kept, which render them there subject to taxation. There are other exceptions to the general rule, more or less involving this principle, but we have found no exceptions to the general rule which would apply to the facts of the instant case. It does not appear from the evidence that the money in question was invested in any sort of more or less permanent business in Chicago, and for aught that appears, every dollar, of it could be withdrawn at any time from the hands of the banks and firms with which it was deposited."

The weight of authority is that such property, in the hands of an administrator or executor, is taxable at the domicile of the decedent or the place of granting of Letters of Administration, which is usually the place of the domicile of the decedent. Commonwealth v. Williams, Executor, 102 Va. 778, 47 S. E. Rep. 867, 1 Ann. Cas. 434; Cornwall v. Todd, 38 Conn. 443; Hardy v. Yarmouth, 6 Allen (Mass.) 277; Millsaps v. City of Jackson, 78 Miss. 537, 30 South. Rep. 756; Stevens v. Mayor of Booneville, 34 Mo. 323; Rand v. Town of Pittsfield, 70 N. H. 530, 49 Atl. Rep. 88; Matter of Haight, 32 App. Div. 496, 53 N. Y. S. 226. "But it is otherwise where the property passes into the hands of a trustee. It is, as a general rule, taxable at his residence or domicile." Cornwall v. Todd, 38 Conn. 443; Millsaps v. City of Jackson, *supra*.

"PROPERTY HELD IN TRUST.

"Except as controlled by statute, personal property subject to a trust, must be assessed at the trustee's domicile, that being the domicile of the legal owner." Note

to City of New Albany v. Meekin, 56 Am. Dec. 535; Guthrie v. Pittsburg, C. & St. L. Ry., 158 Pa. St. 433, 27 Atl. Rep. 1052; Price v. Hunter, 34 Fed. Rep. 355; Clark v. Powell, 62 Vt. 422, 20 Atl. Rep. 597; Walla Walla v. Moore, 16 Wash. 339, 47 Pac. Rep. 753, 58 Am. St. Rep. 31; Monographic Note to Buck v. Miller, 62 Am. St. Rep. 466.

In the case of Walla Walla v. Moore, *supra,* it is said: "But the Will in this case, which is part of the stipulation, convinces us that the defendants, while they are named as executors, are by the duties which are imposed upon them, really made the trustees of this estate, and under all the authorities, the *situs* of the property is with the trustees. See 1 Desty on Taxation, p. 337. Mayor and Council of Baltimore v. Stirling, 29 Md. 48; State *ex rel.* Harkness v. Matthews, 10 Ohio St. 431; Trustees of Academy of Richmond County v. Augusta, 90 Ga. 634 (17 S. E. 61); State v. Collector, 39 N. J. Law, 79. In fact the general current of authority is in this direction."

The *situs* of the property held by a trustee, for the purpose of taxation, being at the domicile of the trustee, this cause might be determined upon the pleadings and the decree of the Chancellor affirmed. The bill in the instant case having been brought against William Beardsley, William R. Kenan, Jr., and W. A. Blount, Trustees, the residence of the two former stated in the bill as in New York, and the latter in Pensacola, Escambia county, Florida, and the property upon which the taxes attempted to be collected, consisting of personal property, to-wit: stocks, bonds and accounts receivable, and the taxes assessed by the county of St. John. The appellant contends that the word trustees is merely *descriptio personae.* If we concede this contention, it would seem that the as-

810 SUPREME COURT OF FLORIDA.

sessment was wholly invalid, for the reason that the bill shows the appellees took into custody and control such property under the will of Henry M. Flagler; and it matters not whether as executors or trustees, in a fiduciary capacity. The liability of an individual for taxation on specific property depends upon his relation to the property, whether as owner or in some other capacity. It is an elementary rule of taxation that when the State prescribes how or to whom property shall be assessed, an assessment in any other manner or to any other person is void, and creates no lien upon the property. "The assessment being so important, the statutory provisions respecting its preparation and contents ought to be observed with particularity. They are prescribed in order to secure equality and uniformity in the contributions which are demanded for the pubilc service, and if officers, instead of observing them, may substitute a discretion of their own, the most important security which had been devised for the protection of a citizen in tax cases would be rendered valueless."

Our statute provides that "When a person is assessed as a trustee, guardian, executor or administrator, the designation of his representative character shall be added to his name, and such assessment shall be entered upon a separate line from the individual assessment." Section 513 Gen. Stats. of Florida, 1906, Compiled Laws, 1914.

It is essential to the power of taxation that either the owner of personal property be a resident or the property be istuated within the district attempting to exercise the power to tax. It is shown by the bill that the appellees are non-residents of St. Johns county, and it is clearly shown by the evidence that the property is not only presumptively, but actually, in another state; and if we con-

sider the word trustees as merely *descriptio personae,* there is certainly no right to assess the property in St. Johns county.

It is contended by the appellants that the appellees received the property as executors, and that executors being trustees, the property was properly assessed, thereby holding in effect that trustees and executors were synony-- mous, and further that an order of distribution from the Probate Court was necessary to discharge them from the capacity of executors to that of trustees. As to the first proposition. To sustain this contention is to leave un- represented and unprotected those entitled to the highest consideration in the settlement of estates, to-wit, the creditors. In the present case we find the assessment to read thus: W. A. Blount, William H. Beardsley, Wil- liam R. Kenan, Jr., Trustees for the heirs, distributees and legatees of the estate of Henry M. Flagler, deceased. "It has been said that an administrator is more the rep- resentative of the creditors than the heirs, and that it is his paramount duty to protect the interest of creditors, since they have the first claim against the estate. In a broad sense, the representatives of a decedent hold his estate as a trust fund, for the payment of his debts. In the absence of fraud, the general rule is that in all suits for the benefit of the estate he represents the creditors, but creditors are powerless to obtain any relief directly, and of necessity must work the collection of their claims through the executor or administrtor. R. C. L., Vol. II, Sec. 7."

We cannot conceive that the Tax Assessor or Board of County Commissioners of St. Johns County intended to tax the appellees as trustees, by virtue of the trust aris- ing by operation of law, from their offices as executors,

but that he and they intended to assess them in the capacity of trustees, created as such by the will, and to assess them in the capacity of trustees; and we are strengthened in this conclusion by the letter of the Tax Commission, at whose instance the property was assessed, which reads as follows:

"July 16, 1919.

"Hon. C. D. Manucy,

"St. Augustine, Florida.

"Dear Sir:—

· "It is the opinion of the Attorney General's office that in assessing the Flagler Estate, you assess it to W. A. Blount, William H. Beardsley, William R. Kenan, Jr., *Trustees for the heirs, distributees and legatees of Henry M. Flagler*. Be sure to give the names of the *trustees*.

"Yours very truly,

"TAX COMMISSION." ·

Again, in a letter from R. J. Patterson, member of the Tax Commission, to the Tax Assessor of St. Johns County, of July 26, 1916, we find: "It has been reported to the Tax Commission that you had been instructed to take up with the *trustees* of the Flagler Estate *the manner* of taxing the same." We must assume that the Attorney General, at the time he advised the Tax Commission, had the facts and the will before him, and that had he intended to use the word trustees as synonymous with executors he would have advised that it be assessed as trustees for *creditors,* heirs, legatees and devisees, but as we think he correctly described the fiduciary capacity of the appellees when omitting the word "creditors" the appellees were described as "Trustees for the heirs, distributees and legatees of the estate of Henry M. Flagler, de-

ceased." It was evidently the idea of the Tax Assessor and Board of County Commissioners of St. John County to tax them as trustees, rather than in their representative capacity of executors.

We are now discussing this cause from the viewpoint of the appellants, that the words executors and trustees, as used in said will, were synonymous, and not from our angle of vision, which we shall hereafter present. "When executors have not been designated as testamentary trustees, but the duties imposed upon them in reference to the custody of the estate, for a definite period, are more appropriate to the office of trustees than that of executor, they may usually be treated as trustees." R. C. L., Sec. 5.

The next question presented by appellants is that the appellees having received the property as executors, it requires an order or direction from the Probate Court before they can claim it in another capacity. In other words, that, having receiving it in one capacity—as executors—that it remains in their capacity as such, until an order is made to turn it over to themselves in another capacity. We admit that, ordinarily, where property is received by an executor, he is supposed to retain it in his custody until the contrary is shown. This naturally leads us to the inquiry: What are the duties of an administrator? Ordinarily it is to collect the assets of the decedent, pay the debts and legacies and distribute the remainder of such estate to the heirs or those entitled to it under the will or the law.

Counsel for appellants have cited numerous authoritis which would seem to sustain this contention, but upon

State et al. v. Beardsley et al. Trustees—Opinion of Court.

an examination of the authorities it appears that they have been either,

1.    In cases where parties serving in a dual capacity had given bond in each capacity, with different sureties, spective liability.

2.    Where the possession of the real estate of the decedent, under the law, went into the possession of the and the contest was between the sureties, as to their re. administrator.

In the case under consideration there is no bond in either capacity, and our law provides that real estate shall descend directly to the heirs except, when necessary, for the payment of debts, it is taken possession of by the administrator by an order of the probate court. We think the true reason for these decisions in class 2 is clearly set forth by the Supreme Court of Montana, in the case of Re Estate of Christopher P. Higgins, Deceased, reported in 15 Mont. 474, 39 Pac. Rep. 506, 28 L. R. A. 116.

"Authority from the Probate Court is necessary, *at least in those states where executors have right of possion of real estate,* to relieve him from his executorial trust, one who has assumed the duties of executor, with a Will, which also gives the entire estate to him." The decisions as to those who had given bonds signed by different sureties are founded upon the reason that the order of the Probate Court is necessary to prevent the executor trustee from capriciously changing the liability from one *surety* to another. The answer of appellants (sustained by the proof) alleges:

"That the time of or shortly after the qualification, as executors, of the defendants, W. H. Beardsley, W. R. Kenan, Jr., and of J. R. Parrott, the properties mentioned in the said inventories went into their hands as Executors, and, with the deductions hereinbefore mentioned, remained in their hands (and in the hands of the first mentioned two of them and of W. A. Blount, after the death of Jos. R. Parrott), until the latter part of the year 1915 (except that from time to time the Executors, knowing that all of the said properties would not be required for the administration of the estate, transferred some of them to the defendants, as Trustees, under the will and testament of the said Henry M. Flagler), when the said executors having paid all the debts, etc., as hereinbefore set forth, transferred all the said properties which reamined to the defendants as Trustees, except the sum of $5,000.00 in money which was retained for the payment of costs and fees, incident to final discharge and settlement, as hereinbefore set forth, which said $5,000.00 was and remained on deposit in the City of New York until after January 1st, 1916; that except as to said $5,000.00, the defendants, as Trustees, have ever since said transfer had in their possession and control in the City of New York all the said properties remaining, and have, since said time, conducted in New York, as Trustees, all business relating to the same; that long prior to the filing of the bill in this case, the said Executors, believing it to be no longer necessary for the administration of the said estate, to retain the said $5,000.00, transferred the same to the defendants as Trustees, and it was immediately deposited by them as Trustees, in their Trustees Bank account, against which they have been checking ever since."

Our statutes, Sec. 2434, Gen. Stats. 1906, provide: "After all debts and legacies have been paid, the property remaining in the hands of the Executor or Administrator shall be distributed according to the law regulating descent."

"And in general, where a man holds money in several capacities, the law will attach to him liability in that capacity, in which of right it ought to be held; as where a man in his own person, unites, by operation of law, the character of debtor and creditor. * * * It may also be observed that where one is acting in a dual capacity, the law will resolve doubts by attributing his acts with respect to the subject-matter to the proper capacity." 1 Woerner on American Law of Administration (2nd ed.), p. 419.

"But where an administrator has no further use for assets as such, and is also guardian of a distributee, he will be treated as holding them as guardian, even if he has not made final settlement." 1 Woerner on American Law of Administration (2nd ed.), p. 581.

"The better opinion is that, after the time limited by law for the settlement of the estate has elapsed, and there is no evidence of intent to hold longer as executor, he shall be presumed a guardian; on the principle that what the law enjoins upon him to do shall be considered as done." Schouler on Domestic Relations (5th ed.), p. 515.

We quote approvingly from the case of State of Maryland, for the use of Clara L. Gable and Alford G. Coale, Trustees, v. Galloway Cheston and James Carey, Surviving Obligors of Isaac Coale, Jr., 51 Md. 352, body of opinion 376, 7 and 8:

"If, therefore, the doctrine of transfer by operation of law, has any foundation in reason and justice, this is a case which calls for its application, and very stringent and satisfactory objections to its operation must be adduced and established.

"The reasons upon which the doctrine is founded have been so clearly stated by this Court, and the instances of its application have been so numerous, that it is quite unnecessary to refer to other authorities either for its support or its illustration. In fact, it has for nearly a century been accepted in this State as established and familiar law. The cases have all been cited in argument and we shall refer to a few of them only. The first is that of State vs. Jordan, 3 H. & McH., 179, where a testator gave legacies to his grandchildren, and made his *executors* their *guardians,* and in a suit by one of these legatees upon the bond of the *executors,* it was held, that the bond was not liable, because the legacy by operation or law had passed to the *guardians.* In this case which was decided by the General Court, the question arose on the pleadings which are set out in 2 *Harr. Ent.,* 326 to 329. This was followed by the case of *Downes vs. The State,* 3 *H. & J.,* 239, where the same question was decided in the same way by the Court of Appeals. In neither of these cases was any opinion filed, but in *Seegar vs. The State,* 6 *H. & J.,* 162 an opinion was delivered and the Court say: "It is an *established* principle of law, that where the same person who acts as the *administrator* of a deceased party is appointed *guardian* to the representatives, that whatever balance is in his hands at the rendition of the final account, (and perhaps, even prior to that time) is in his hands and possession not as *administrator to the deceased,* but as *guardian* to the represen-

State et al. v. Beardsley et al. Trustees—Opinion of Court.

tatives. This transfer is by operation of law. The administrator having in his hands a balance that ought to be paid over to the guardian, and *one person representing both these characters,* he cannot pay the money over to himself, nor, if the payment was refused, is there any person who could enforce it. Under these circumstances, the law, by implication, considers it in the hands and possession of the party in *that representative character* that *ought to receive it.'* The reason of the rule thus stated, is substantially the same as that which is more elaborated by Judge STORY, in *Taylor vs. Deblois,* 4 Mason, 131. Again in *Watkins vs. The State,* 2 G. & J., we have the emphatic declaration, that where an executor 'sustains the two-fold character of executor and guardian, *the law will adjudge* the ward's proportion of the property then in his hands, to be in his hands in the capacity of *guardian,* after the time limited by law for the settlement of the estate, *whether a final account has been passed by the Orphans' Court or not;* upon the principle that what *the la whas enjoined upon him to do, shall be considered as done,* and from that time he holds the ward's proportion of the property *by operation of law,* in that character in which he would be entitled to receive it upon a final completion of his trust as executor. So in *Flickinger vs. Hull,* 5 Gill, 60, we find the principle stated thus: 'where a person in one character is debtor, and the same person in another character is creditor, the law regards the debt as paid by the debtor capacity to the creditor; and this is on the same principle which governs in the case where a man has several capacities, and is found in possession of property, the law will attach the possession to the capacity in which, of right, it ought ot be held.' And finally in *Hanson vs. Worthington,* 12 Md., 418, the same party was, as in the present

case, both *executor* and *trustee* under the will, and it was not only decided, that by operation of law the fund would be considered in his hands as trustee after the time limited by law for the settlement of the estate, but, that the probate of the will, and the taking out of letters testamentary by the executor, was sufficient evidence of *the acceptance by him of the trust created by the will.* It is plain, therefore, that the principle is one which has been established for the promotion of justice, and for that purpose it holds parties in such cases to the same responsibility, and requires of them the same discharge of duty in respect to their several capacities, as if those capacities were represented by different persons."

· It was urged, in argument by one of counsel for appellants, that the executor and trustee being appointed by the Court of St. Johns County, and that the trust was to be administered, if necessary, for the benefit of hotels and a railway in this State, was taxable in this State. We think this is fully answered by the Supreme Court of Maine, where they said: "When the estate of a Maine decedent has been fully administered, and has vested in non-resident testamentary trustees, and the property has been removed by them from the state, they cannot be directly taxed in this state for such property, although they have qualified as such trustees in the Maine Probate Court which confirmed their appointment by the decedent, and although the beneficiaries under the trust reside in this state." City of Augusta v. Kimball, 91 Me. 605, 40 Atl. Rep. 666.

If we admit the construction of the word trustee, as we understand appellants' contention, that it only referred to their fiduciary character as executors, then when they had paid the debts and the legacies, the bal-

ance was in their hands, to be disposed of according to the will, and their duties then being more in the nature of duties of trustees than executors, by operation of law, under the authorities heretofore cited, such balance vested in them, as trustees, and the law would hold them liable as trustees, and the property held by them be liable for taxation, under the law, for taxation of property held in trust, and the place of taxation. It may be said to hold this is to allow the property to escape taxation, it being shown by the record that it was not taxed in New York or elsewhere. Courts must declare the law as it is. The Supreme Court of another State has very aptly expressed the true idea. "It has been suggested that the appellees should not be aided by the court in escaping just taxation. The Court can neither give nor refuse such aid. All it can do is to declare the law upon the facts presented. It is shown by the record in this case that the appellees and the property sought to be assessed was not in the jurisdiction seeking to assess the taxes, but the appellees were domiciled and the property assessed situated elsewhere, thus it becomes a question of which taxing district is entitled to tax, rather than a question of escaping taxation."

We do not believe that any one will seriously argue that when neither the owner is domiciled in or the property situated in this State, that solely because it has not been taxed elsewhere, it can be taxed here.

Our law requires that property held by one in trust must be assessed to him in his fiduciary capacity; the Assessor and County Commissioners having assessed the appellees as trustees, which they were, under the law, will not be permitted to urge they held the property in another capacity, to-wit, executors, which capacity, by

operation of law, under the facts of this case, had ceased and merged into trustees.

An entirely different proposition would be presented if the appellees had been assessed as executors, and had attempted to set up that they were trustees. In that event we hold it would have been incumbent upon them, from the standpoint of appellants, having received the property as executors, to have shown, by some act (whether an order discharging them as executors we do not decide) sufficient to have brought home notice to the taxing power the change of relation, but in the present case the appellants having chosen to assess them in that capacity, which, if not by the will, by operation of law, they held the property, cannot show another capacity. Therefore, we think, even under appellants' construction, the order appealed from should be sustained.

The ascertainment of the intention of the testator is the true interpretation of a will.

This court, in a very recent decision, Dean v. Crews, — Fla. —, 81 South. Rep. —, said: "In the construction of a will the intention of the testator, as therein expressed, shall prevail over all other considerations, if consistent with the principles of law. To this great end, in the exposition of wills, all others must bend."

The will in this case clearly shows that the duties of the executors and trustees, respectively, were, under such will, a portion of which we herein set forth:

"I, Henry M. Flagler, of Palm Beach, County of Dade and State of Florida, do make, declare and publish this my last will and testament, hereby revoking all former wills and testaments by me made.

"First: I direct all my just debts, funeral expenses, and the expenses of administering and carrying out the provisions of this instrument to be fully paid.

"Second: I hereby appoint William H. Beardsley of the city, county and state of New York, and William R. Kenan, Jr., at this date residing in the City of Lockport, State of New York, and Joseph R. Parrott, of the city of Jacksonville, in the State of Florida, to be executors of and Trustees under this my last will and testament.

"Third: I have been for many years investing in railroads, hotels and land companies in the State of Florida, and it is my intention in the future to foster, protect and properly develop such porperties, and to provide against my decease while such properties are in the processes of development and to relieve my beloved wife, hereinafter named, from the immediate cares and responsibilities of so varied and such extensive interests, I hereby declare a trust concerning all my property, both real and personal, and wheresoever situated, except what is covered by the 'Fourth' Item of this instrument, and may be necessary for the expense of administration by my executors, including court costs, to my Trustees above named, which trusts shall be and continue for the length of time hereinafter by this instrument provided.

"Fourth: I have agreed by letter addressed to John F. Forbes, to contribute to the John B. Stetson University, the sum of Sixty Thousand Dollars ($60,000) to be paid from time to time as the needs of said University shall seem to require, and if any portion of said Sixty Thousand Dollars ($60,000) shall remain unpaid at the time of my death, I hereby direct my said executors to pay

said balance out of any moneys or property coming into their hands as such.

"I have also agreed to contribute to the Florida Agricultural College, which college is located at Lake City, Florida, the sum of Twenty Thousand Dollars ($20,000) for the erection and equipping of a gymnasium, and if any portion thereof shall remain unpaid at the time of my death, I hereby direct my executors to pay the same to the proper authority of said college out of any moneys or property coming into their hands as such.

"Fifth: The balance of my estate I place, according to the purpose declared in the 'Third' Item of this instrument, in the hands of my said Trustees, to be used, managed and controlled by them and their successors for the purpose of protecting, fostering, operating and developing during the life of such trust, all my Florida properties according to the purposes indicated by the charters of the several companies, and as nearly along the lines which I have adopted, or may hereafter adopt, as may be consistent with their judgment, and discretion, under the conditions which may hereafter exist. The said trust shall continue for five years from the time of my death, and if at the end of such five years the condition of the Florida East Coast Railway Company and the Florida East Coast Hotel Company (they being my Florida railroad and hotel properties referred to) or either of them should be such as to require financial aid from sources outside of themselves or itself, then I direct that such trust shall continue so long as either or both of such last named companies shall require such assistance, but not longer, however, than a period of five years from the termination of the above mentioned or first period of five years. It is, however, to be distinctly understood

that I do not authorize the railroad or said Railway Company extended south of Miami and no power to do so is given hereby."

That the duties of the executors were both, by law and the will, set forth in the First Item, and under the will in the Fourth Item, and that immediately upon the death of the testator, all of his estate, except as required by Items 1 and 4, passed to the appellees, as trustees.

"We fully agree with and adopt the language of Circuit Judge GIBBS, in dismissing the bill. "By the will in the present case, two estates were created—one in the executors and one in the trustees. These estates were separate and distinct and the persons named in the will were intended by the testator to act in their several capacities. The title to the property in the estate being lawfully administered by the executors was in the persons named in the will as executors. The title to the property named in the trust estate was in the persons named in the will as trustees. There is no inconsistency between the decision reached by the Supreme Court in Lott vs. Meacham, Executor, upon the facts of that case, and the decision reached by this court upon the facts of this case.

"These defendants are trustees under the last will and testament of the decedent Henry M. Flagler, they have been assessed as such, and are now being sued in that capacity. They were not, in such capacity, in 1916 properly assessable by the tax assessor of St. Johns County, for they neither resided in that county nor was any of the trust property therein."

The decree appealed from is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, JJ., concur.

WEST, J., disqualified.