CAMERON v. THE CITY OF BURLINGTON.

1. **Taxation:** SITUS OF PROPERTY: PERSONALTY IN HANDS OF ADMINISTRATOR. Where the administrator of an estate, having personal property thereof in his possession, resides in the same county in which his decedent died, but in a different township, such property is taxable in the township of his residence.

*Appeal from Des Moines Circuit Court.*

TUESDAY, JUNE 14.

THE plaintiff appeals from an order of the Circuit Court refusing to cancel a certain assessment made by the assessor of the city of Burlington, Des Moines county. The plaintiff claims that the property is non-assessable in the city of Burlington. The property consists of promissory notes and belongs to the estate of one John Sunderland, deceased. The

plaintiff is administrator upon his estate. Sunderland was a resident of the city of Burlington and died intestate in that city. Letters of administration were issued from the Circuit Court of Des Moines county. The plaintiff, the administrator, resides in Union township in that county, and has the notes in his possession. They have been assessed both in Union township and the city of Burlington. The plaintiff made an application to the city council of Burlington, sitting as a board of equalization, to cancel the assessment. This the council refused to do, and the plaintiff appealed to the Circuit Court, which also refused to cancel the assessment. The plaintiff now appeals to this court.

*Hall & Huston*, for appellant.

*C. L. Poor*, for appellee.

ADAMS, CH. J. As the notes were not assessable in both places we have to determine in which they were assessable.

1. TAXATION: situs of property: personalty in hands of administrator.
It is not claimed, nor could it properly be, that Burlington has any superior rights by reason of the fact that it is an incorporated city. The case, then, is not different from what it would have been if Sunderland had died elsewhere in the county, but not in Union township. We have, then, the question as to whether the fact that a person dies in a given township, leaving personal property, gives the assessor of such township the right to assess the property, regardless of the place where the property is owned or situated. Those who contend that it does must maintain that a rule is applicable different from that which applies to any other personal property.

The statutory provisions touching the question at issue are as follows. The personal property of a decedent is to be listed by the executor. Code, § 803. The assessor of each township shall list every person in the township, and shall assess all the real and personal property therein. Code, § 823. This would seem to be broad enough to include

personal property in the township held by an executor re-
siding in the township.   But if there was any doubt about it
such doubt would be removed by another provision in the
same section.   " Any person who shall refuse to assist in
making out a list of his property *or of any property which
he is by law required to assist in listing*      *      *      *
shall forfeit the sum of one hundred dollars." ·   The " property
which he is required by law to assist in listing," as distin-
guished from his own, includes personal property which he
holds in a fiduciary capacity as executor or trustee.   It seems
clear to us that the statute was designed to provide that the
assessor of each township may demand of every executor re-
siding in the township a list of the personal property held by
him as executor in the township, under penalty of a fine.   To
say that this is not so except when the deceased died in the
township is to impose a qualification upon the statute, by ju-
dicial construction, for which we find no warrant.

It is manifest that the important consideration is not so
much the comparative rights of the different townships as the
certainty that all property shall be taxed once, and only once.
To secure this certainty, we must presume, was the object of
the statute.   But this cannot be secured under the rule con-
tended for by the appellees, unless assessors are to be sent into
foreign townships in search of taxpayers and property.   If
this were the design of the statute it appears to us that a
township assessor's duties would be co-extensive in some
sense with the county, if not the State.

We are aware that in *McGregor's executors v. Vanpel*, 24
Iowa, 436, it was held that the personal property of an estate
of a decedent is to be assessed in the county where the dece-
dent died, although the residence of the executor and actual
situs of the property may be elsewhere.   It must be conceded,
we think, that it is not easy to make a broad distinction upon
principle between that case and this; yet we are not pre-
pared to say that the principle is the same.   The ruling in
that case was placed upon the ground that the executor is the

representative of the decedent. As letters of administration under the Revision issued in the county where the decedent died if he died a resident of the State, and as the administration was had in such county, it was doubtless thought that the representation of the decedent by the executor should be regarded as in such county, and that as a consequence the personal property should be regarded as having a constructive situs in the county, even though the actual situs should be elsewhere.

In the case at bar it is not denied that the property should be assessed in the county where the administration is, because both the administrator and property are in such county. But when we are asked to hold that the property is assessable in a township in which is neither the administrator nor property we are asked to extend the idea of local representation beyond that of local administration, that is, we are asked to apply local representation to the township while local administration, at most, concerns only the county.

The writer of this opinion does not wish to be understood as expressing an approval of the decision in *McGregor's executors v. Vanpel,* but he thinks that if it should be conceded that the decision is wrong the facts in the present case are not such as would justify us in overruling it; and he is authorized to say that Mr. Justice Day concurs in this remark.

Our attention is called by the appellees to *Stevens v. Mayor of Booneville,* 34 Mo., 323, in which it was held that personal property of an estate is to be assessed where the decedent died, although the residence of the executor and actual situs of the property might be in a different township.

But the case before us must turn upon the construction which should be placed upon the provisions of our own statute. As the proper construction admits in our mind of no reasonable doubt, we have to say that we think that the property in question was assessable in Union township and not in the city of Burlington.               REVERSED.