[ No. 1634.   Decided February 20, 1895.]

MARY M. MILLER, *Respondent*, v. KATE M. BORST *et al.,*
*Respondents*, JOHN W. BORST *et al., Appellants.*

PLEADING — ACTION BY EXECUTOR — ALLEGATION AS TO POWERS — AU-
THORITY TO MORTGAGE.

In a suit for the foreclosure of a mortgage, executed by the executor
of a decedent's estate, an allegation in the complaint that the will
authorized and directed said executor to administer upon said estate
without the intervention, order or advice of any court, and to fully
execute all its terms and provisions, sufficiently shows that no let-
ters testamentary were required in the settlement of the estate.

A complaint for the foreclosure of a mortgage, executed
by the executor and trustee of a decedent's estate, sufficiently
alleges the power of the executor under the will to make the
note and mortgage in controversy, when it appears from the com-
plaint that it was the intention of the testator that the estate should
be administered without the aid of any court, that the executor and
trustee had performed all the terms and conditions of said will, that
he had executed the note and mortgage, and that his action therein
had been fully confirmed by the court; the necessary inference from
such allegations being that the execution of the note and mortgage
was within the powers conferred by the will.

*Appeal from Superior Court, King County.*

*Bausman, Kelleher & Emory,* for appellants:

Even where a personal representative is authorized
by an express trust to perform acts otherwise outside
of the scope of his power, the courts say that such a
power must be very strictly construed and carefully
followed. *Newport v. Newport,* 5 Wash. 114; *Thompson
v. Schenck,* 16 Ind. 194; Schouler, Executors, § 501.

An express power to sell, contained in a will, has
frequently been construed not to include a power to
mortgage. By a similar process of reasoning, a statu-
tory power to sell should not be held to include a
power to mortgage. *Braley v. Simonds,* 61 N. H. 369;

*Willis v. Smith*, 17 S. W. 247; *Hoyt v. Jaques*, 129 Mass. 286; Schouler, Executors, § 516; 1 Jones, Mortgages, § 129.

*Thompson, Edsen & Humphries,* for respondent Miller:

Wherever the will makes the executor a trustee, and provides for the carrying out of the trust according to the judgment of the trustee and executor, and gives the executor full power in the premises as such trustee, then the executor and trustee has the right to mortgage the property to pay debts. *Brown v. Morrill*, 48 N. W. 328; *Ames v. Holderbaum*, 44 Fed. 224; *Taylor v. Benham*, 5 How. 233, 267. Under a will creating a valid trust, the trustee takes legal title, although there are no words of gift, such title being necessary for the purposes of the trust. *Toronto Gen. Trust Co. v. Chicago, etc., Ry. Co.*, 123 N. Y. 37.

The opinion of the court was delivered by

Hoyt, C. J.—Appellants stood upon their demurrers to the amended complaint, and judgment was rendered against them for want of answer. Hence, the only question presented upon their appeal is as to the sufficiency of the complaint.

But two reasons are suggested why such complaint is insufficient: one is that there is no sufficient allegation contained therein to show that the will under which the executor was acting at the time he executed the note and mortgage to plaintiff was so conditioned as to authorize such executor to proceed with the administration of the estate under the provisions thereof, without the intervention of the probate court. The allegation in the complaint was that the will authorized and directed said executor to administer upon said estate without the intervention, order or advice of any

court, and to fully execute all its terms and provisions, and was sufficient for the purpose for which it was intended. It is not in the exact language of the statute (Code Proc., § 955), in that it does not state that the will contained a direction that no letters testamentary or of administration should be required; but the statement that the executor was to discharge all the provisions of the will without the intervention of any court, and without its order or advice, sufficiently shows that no such letters were required in the settlement of the estate.

The other reason suggested why the complaint is insufficient is that it does not appear therefrom that the making of the note and mortgage upon which the action was founded was within the power of the executor and trustee under the will. The allegations in that respect are not as full and satisfactory as they should have been, but when it is stated in one part of the complaint that the person named as executor and trustee executed the note and mortgage, and in another part that he had executed and performed all the terms and conditions of said will, such allegations must be taken together, and when so taken and construed in connection with the further fact, which appears from the complaint, that it was the intention of the testator that his estate should be administered without the aid of any court, it should be inferred therefrom that the execution of the note and mortgage was within the powers conferred by the will. This construction is sustained by the further allegation in the complaint that the action of the executor and trustee had been fully confirmed by the court, for the reason that he had fully discharged the trust imposed by the will.

It is claimed by appellants that the allegation that the estate had been administered in accordance with

the provisions of the will, and the finding of the court to that effect, could not aid the allegations as to the authority conferred upon the executor and trustee by the terms of the will, for the reason that all of its terms might have been complied with even although the execution of the note and mortgage was not authorized. To sustain such a claim would require too narrow a construction of the language used. When certain things have been done in apparent pursuance of the power, and in connection with the allegation as to what has been done, it is stated that the power conferred has been fully carried out, it is only reasonable to infer therefrom that the doing of the thing alleged was one of the things necessary to a proper discharge of the power.

Having come to this conclusion as to the interpretation to be given the allegations of the complaint, there is no question of law left for consideration, as it is conceded by the appellants that if the will was one which authorized the executor and trustee to proceed without the intervention of the court, and by its terms authorized the execution of a note and mortgage by the executor, and these facts are shown by allegations in the complaint, their demurrer was properly overruled.

The judgment will be affirmed.

DUNBAR, SCOTT, ANDERS and GORDON, JJ., concur.