[No. 2433. Decided January 22, 1897.]

THE CITY OF WALLA WALLA, *Appellant,* v. MILES C. MOORE *et al., Executors, Respondents.*

TAXATION — SITUS OF DECEDENT'S PERSONAL PROPERTY.

Personal property of a decedent, which by the terms of his will has passed into the hands of trustees for the purpose of administration, is taxable in the domicile of the trustees and not in the locality of the death of the decedent.

Appeal from Superior Court, Walla Walla County. —Hon. WILLIAM H. UPTON, Judge. Affirmed.

*C. M. Rader,* for appellant.

*B. L. & J. L. Sharpstein,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The appellant, the city of Walla Walla, brought this action in the superior court of Walla Walla county to collect from the defendants the sum of $2,660.70, municipal taxes, together with interest on the same, penalty, etc.

This case was tried upon a stipulation of the facts, and the pleadings. It appears from the stipulation that one Dorsey S. Baker died in the city of Walla Walla on the 5th day of July, 1888, leaving a last will and testament, which will appointed the said defendants executors. The defendants Miles C. Moore, Edwin F. Baker and Walla Walla Willie Baker, it is conceded, do not reside within the city of Walla Walla, while it is stipulated that Henry Clay Baker, one of

the executors, does reside within the city of Walla Walla. One fourth of the amount of the taxes was tendered by Henry Clay Baker for himself and his co-defendants to the treasurer of Walla Walla city, also the taxes on a small amount of furniture, which it is conceded is situated in Walla Walla city.

The trial court found for the defendants, and from that judgment an appeal is taken here by the city, and it is claimed that the property should respond to an assessment in the city where the decedent died. It does not appear strictly from the pleadings or the facts stipulated that the decedent Baker was a resident of the city of Walla Walla. The most that does appear is that he died in Walla Walla, leaving personal property in that city.

The authorities are somewhat divided on the proposition as to whether the property of the decedent which is represented by the executor or administrator should be taxed at the residence of the decedent or at the residence of the executor or administrator. In *Mayor and Aldermen of Gallatin v. Alexander*, 10 Lea, 475, a case cited by appellant, it was decided that the legal title in such case is in the executor for the purposes of administration; that he holds the property as trustee, and so, having the title with himself, the *situs* of the property for the purpose of taxation is clearly the residence or domicile of the executor. In *Cameron v. City of Burlington*, 56 Iowa, 320 (9 N. W. 239), it was held that where the administrator of an estate, having personal property thereof in his possession, resided in the same county in which his decedent died, but in a different township, such property was taxable in the township of his residence.

The same rule was followed in *State v. Jones*, 39 N. J. Law, 650; and in *State v. Collector of Holmdel Town-*

*ship*, 39 N. J. Law, 79, it was held that the tax upon personal property in possession, or under control, of the executor should be against the person holding the office in his representative character, and such tax could be assessed only in the township where the executor resided, for all such property, wherever situated. And such, we think, is the well established rule in cases where the property is in the hands 'of an executor, although there are some cases holding to the contrary. But we see no good reason why the decedent's property should be compelled indefinitely to respond to taxes in a locality where he happened to reside when he died. If he had moved away himself, of course the *situs* would have changed, so far as the taxation of this character of property was concerned, and, the property having passed into the hands of representatives of the decedent, there seems to be no good reason why their domicile should not be taken into consideration in the taxation of the property which they represent and control.

But the will in this case, which is a part of the stipulation, convinces us that these defendants, while they are named as executors, are, by the duties which are imposed upon them, really made trustees of this estate, and under all the authorities the *situs* of the property is with the trustees. See 1 Desty on Taxation, p. 337. *Mayor and Council of Baltimore v. Stirling*, 29 Md. 48; *State ex rel. Harkness v. Matthews*, 10 Ohio St. 431; *Trustees of Academy of Richmond County v. Augusta*, 90 Ga. 634 (17 S. E. 61); *State v. Collector,* 39 N. J. Law, 79. In fact the general current of authority is in this direction.

The appellant cites Cooley on Taxation, p. 270 (which is p. 375 of the second edition to which we have access), to sustain the contention that all the

personal property belonging to the decedent's estate has its *situs* at the place of residence of the decedent, but we do not think the text sustains the contention. It sustains exactly the reverse. Mr. Cooley says, "In general, personal estate in the hands of a trustee is to be assessed to him at the place of his domicile," citing some of the cases to which we have above referred, and many others. "If the fund is in charge of a court, it is taxable in the jurisdiction having control of it." But it will be noticed that in this case the estate is not in charge of the court, and no court is exercising or can exercise any jurisdiction over it. under the provisions of the will itself, which especially provides that the estate shall be conducted by the executors, and that they shall be relieved from supervision and control of all courts, answering only to the tribunal of their own consciences for fidelity in their special office, providing among other things that they should not be required to give bonds. This direction was made under the provisions of § 1443 of the Code of 1881, and, under the directions of this will and of said section, all the supervision that the court had was to admit to probate such will, and after the will was proven, the estate passed untrammeled, under the conditions of the will, into the hands of the executors or trustees.

The judgment will be affirmed.

SCOTT, C. J., and GORDON and REAVIS, JJ., concur.