[No. 3922.    Decided September 11, 1901.]

CITY OF SEATTLE, *Appellant,* v. CHARLES McDONALD *et
al., Respondents.*

WILLS—TRUST IMPOSED ON EXECUTORS—JURISDICTION OF SUPERIOR
    COURT.

Where by the terms of a will the executors are constituted
trustees for the purpose of managing the estate without the inter-
vention of the probate court, marshal its assets and devote the
proceeds in the interest of a specified beneficiary, the superior
court has jurisdiction on its equity side, and not in probate, of an
action instituted by the *cestui que trust* against the trustees for
an accounting and for their removal.

SAME—ACTION AGAINST TRUSTEES—PLEADING—DEMURRER.

Where trustees named by a will accept the trust thereunder
directing them to convert the testator's estate into money with all
convenient and judicious speed and marshal all the assets of the
estate into a fund, which shall be annually tendered to the city
of Seattle for the purpose of constructing a public hall, if the city
shall accept same and contribute an equal amount, a complaint
against the trustees for an accounting and their removal is proof
against general demurrer, when it alleges that they have failed
and refused for a period of more than nineteen years to dispose
of the property of the estate and marshal its assets, have mis-
managed such moneys as they have received and are inactive and
negligent in the discharge of their trust.

SAME.

In such an action, it is unnecessary that the complaint allege
that the city has been, or is, ready to contribute to a public hall

or that it is injured by the delay, since such a state of facts would afford no excuse for non-performance of the duties of the trust.

ACTION BY CITY—AUTHORITY OF ATTORNEY TO SUE—PRESUMPTIONS.

The authority of the corporation counsel of a city to bring suit in its behalf will be presumed, in the absence of proof to the contrary, and it is unnecessary that such authority should appear upon the face of the complaint.

Appeal from Superior Court, King County.—HON. WILLIAM HICKMAN MOORE, Judge. Reversed.

*W. E. Humphrey, Edward Von Tobel* and *E. II. Guie,* for appellant.

*Charles F. Munday,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—This action was brought by the city of Seattle, claiming to be a *cestui que trust* under the will of James Osborne, deceased, against the trustees of said estate, for an accounting, for their removal, and for other relief. A demurrer was interposed to the complaint upon the grounds: (1) That the superior court had no jurisdiction of the subject matter of the action; (2) that several causes had been improperly united; (3) that the complaint did not state facts sufficient to constitute a cause of action. This demurrer was sustained, and, upon the refusal of appellant to plead further, a judgment of dismissal was entered. This appeal is taken from the order sustaining the demurrer and dismissing the cause.

The complaint, after alleging the incorporation of the plaintiff city and the death of James Osborne in 1881, the probate of his will, the appointment of executors thereunder, their qualification and filing of an inventory of said estate, alleges as follows:

"7.   That said testator in his said will and the codicil thereto made the following sundry and divers minor devises and bequests, to-wit:   Gave and devised to August A. Anderson, the minor son of A. C. Anderson, lot 6, block 58, in Terry's First Addition to the city of Seattle; Alice G. Thompson, lot 4, block 55, Terry's First Addition; Grace E. Anderson, lot 7, block 58, Terry's First Addition to Seattle; Adelaide J. Hill, lot 1, block 55, Terry's First Addition to Seattle; A. C. Anderson, $250; to Charles McDonald, $250; to Henry Atkins, $250; and the remainder of his property, in the twelfth paragraph of his will, he disposed of as follows:   'I give, devise and bequeath unto my executors hereinafter named, all the rest, residue and remainder of any real estate of every name and nature whatsoever and wheresoever situated, owned by me at the time of my death, and also all the rest, residue and remainder of my personal estate, goods and chattels of whatsoever kind or nature, owned by me at the time of my death in trust nevertheless and to and for the following uses and purposes, viz:   As soon as this my last will and testament is proven and admitted to probate I desire and it is my will that my executors hereinafter named at once proceed to administer upon my estate and to execute this my last will and testament without bonds and without letters testamentary and without the intervention or interference whatsoever of the probate or any other court, board or boards, whatsoever.   They may sell and convey real estate without any order or intervention or interference of any court, board or boards whatsoever, and such sale and conveyance shall be valid, legal and binding, and they may in like manner transact any other business whatsoever as they may see fit. They shall proceed with all convenient and judicious speed to sell any real estate and convert the same into ready money; and they shall convert my personal estate into money by sale and disposal thereof with all convenient and judicious speed; and they shall with all convenient and judicious speed marshal all the assets of my estate into a fund, which fund they shall keep at interest upon safe and

sufficient security, which interest they shall add to the prin-
cipal of said fund, and they shall so continue until my
whole estate shall be brought into said fund, including
the proceeds of the partnership estate of Anderson & Os-
borne (including real property), and also including the
real property owned by said Charles McDonald and my-
self, and also all other real property and assets whatsoever
belonging to my estate. As soon as all the aforesaid mat-
ters shall have been fully accomplished and the said
fund shall be complete as hereby contemplated, my said
executors shall make a proposition to the city of Seattle to
build a public hall toward which the said entire fund shall
be contributed, provided the said city of Seattle shall con-
tribute a like sum; and if said proposition shall be accept-
ed, and if the said city of Seattle shall in good faith contrib-
ute a like and equal sum towards said public hall, then it is
my will that said entire fund be expended in the construc-
tion of a public hall in the city of Seattle upon a site to be
mutually selected by my said executors and a committee ap-
pointed by said city of Seattle, the site and ground to be the
property of said city of Seattle, and the hall, when com-
pleted, to belong to and be the property of Seattle, and said
hall to be built and constructed upon plans and specifica-
tions to be mutually agreed upon by my said executors
and a committee to be appointed by said city of Seat-
tle. And I desire my executors to stipulate for a suitable
inscription to be placed on the front of said public hall.
And it is my will that my said executors make and renew
the said proposition to the said city of Seattle annually
until the same shall have been accepted by the city of
Seattle and my wishes as hereby expressed carried into
effect. It is my will, however, that the various legacies
and sums of money mentioned in this my last will and
testament be all paid by my said executors as soon as they
shall have sufficient funds in their hands. . . ."

"7½. In addition to the cash on hand at the filing
of said inventory, cash has been received by said executors
from the sales of certain lots and parcels of land described
in said inventory as follows, to wit: . . . $28,487.

"8. That said executors and each of them have negligently, wilfully and carelessly failed, refused and neglected to comply with the terms of said will and to perform the duties of the trust imposed upon them regarding the sale and disposition and the management of said estate as set forth in paragraph 12 of said will. That said executors wilfully, carelessly and negligently have failed and neglected, and do refuse and neglect to dispose of all of the property belonging to said estate, and they have neglected to convert the same into money and they have carelessly and negligently refused and neglected to marshal the assets of said estate into a fund and, of such moneys as they have received, they have mismanaged the same, and carelessly and negligently failed to place such funds as they had in their possession and under their control at interest upon safe and sufficient security, and they have neglected to add interest to the principal of such funds as they may have had in their possession, and said executors and each of them have, without excuse and for their own personal advantage, prolonged the settlement of said estate; they have failed and neglected and refused at any time to account to the city of Seattle of the fund belonging to said estate in their possession; said executors and each of them have failed, refused and neglected to make a proposition of any kind whatsoever to the city of Seattle relating to the construction of a public hall in the said city of Seattle, as provided and mentioned in said will. . . .

"10. That during the long space of time that has intervened since the death of James Osborne, said executors instead of depositing of all of said estate as required so to do, have been obliged to pay heavy and excessive sums for taxes on said real estate, and said estate is liable for taxes to the great damage and detriment of the plaintiff, *cestui que trust,* mentioned in said will.

"11. That said executors and each of them are inactive and are paying no attention to said estate and they have not made, nor are they making, nor do they intend to make any effort to dispose of the balance of said prop-

erty to have the same placed in a fund at interest as provided in said will for the benefit of said city of Seattle.

"12.    That the said Charles McDonald is not a resident of the state of Washington, but for —— years last past has resided and does now reside in the city of Oakland, in the state of California.

"13.    That from the cash received from the sale of said real estate together with the cash on hand, at the time of filing said inventory, said estate should amount, principal and interest, to about the sum of $50,000, exclusive of said real property undisposed of."

It is argued by respondents that the complaint shows on its face that the settlement of the estate is still pending in the probate court, and that the defendants still are acting as executors, and that all the relief demanded can be given by the probate court if justified by the facts. This contention cannot be sustained.    The complaint shows that the will of James Osborne, deceased, was a non-intervention will and that the defendants are trustees of the estate.    This court, in *Smith v. Smith,* 15 Wash. 239 (46 Pac. 249), in construing a will substantially like the one here alleged, says:

"It seems to us that this will, construed as an entirety, plainly indicates that it was the intention of the decedent to make trustees of these respondents, although they are denominated executors by the will.    All that the devisor probably meant was that these respondents should execute the trust, for the duties which he imposed upon them were purely and simply the duties of trustees.    This is set out in the second paragraph of the will, after the words: 'I give, devise and bequeath to my said executors all and singular my property, real and personal, and all property standing in my name wheresoever situated,' by the qualifying words, '*in trust, nevertheless, to and for the following uses and purposes.*'    That is, notwithstanding the devise and bequest to the said executors, nevertheless said devise and bequest was in trust for the uses and

purposes specified. Had the word 'executors' not been used by the devisor it would not have been contended that the will did more than to appoint the respondents trustees of the estate."

And in *Moore v. Kirkman,* 19 Wash. 605 (54 Pac. 24).

"Where trustees of the property of an estate, instead of executors, have been appointed by a will, *the probate court has no jurisdiction of the questions involving the management of the estate, but the same are cognizable in equity."*

See, also, *State ex rel. Cox v. Superior Court,* 21 Wash. 575 (59 Pac. 483.)

The city is not a creditor of the estate, nor is it an heir within the meaning of that term as used in §6196, Bal. Code. Hence its remedy is in a court of equity.

It is alleged in the complaint that James Osborne died in December, 1881, and by his will it was provided that the trustees "shall proceed with all convenient and judicious speed to sell my real estate, and convert the same into ready money, and they shall convert my personal estate into money by sale and disposal thereof with all convenient and judicious speed, and they shall with all convenient and judicious speed marshal all the assets of my estate into a fund," etc.; and then it is alleged, "that said executors and each of them have negligently, wilfully and carelessly failed, refused and neglected to comply with the terms of said will and to perform the duties of the trust imposed upon them regarding the sale and disposition and the management of said estate . . . That said executors wilfully, carelessly and negligently have refused and neglected, and do refuse and neglect to dispose of all of the property belonging to said estate, and they have neglected to convert the same into money, and they have carelessly and negligently refused and neglected

to marshal the assets of said estate into a fund, and of such moneys as they have received they have mismanaged the same," etc., "and said executors and each of them have, without excuse and for their own personal advantage prolonged the settlement of said estate," and "that said executors and each of them are inactive and are paying no attention to said estate, and they have not made nor are they making, nor do they intend to make any effort to dispose of the balance of said property." It seems that, after a period of nineteen years, any reasonable diligence on the part of said trustees would have converted said estate into money as directed by said will. Clearly, where the will directs a conversion of the estate into money with convenient and judicious speed, twenty years' time ought to suffice therefor. It is objected that these facts are conclusions is so far as they seek to charge the defendants with mismanagement. They are certainly sufficient as against a general demurrer, in view of the allegation that more than nineteen years since their appointment have elapsed, and no attention is being given to said estate. It is also objected that it nowhere appears in the complaint that the city of Seattle has ever been, or is now, ready to contribute to a public hall, or that the city is ready to proceed, or that it is injured by the delay. These allegations are not necessary. Such a state of facts, if it exists, affords no excuse for non-performance of duty under the trust. The trustees assumed the trust according to the conditions expressed in the will, viz., to proceed with all convenient and judicious speed to convert the estate into money, and thereupon to make a proposition to the plaintiff to build a public hall, and thereafter to renew said proposition annually "until the same shall be accepted by the city of Seattle and my wishes as hereby expressed carried into effect."

Respondents contend that it nowhere appears in the complaint that the corporation counsel was authorized or directed to bring the action on behalf or in the name of the city of Seattle. It is not necessary that the authority of an attorney to represent a plaintiff shall appear on the face of a complaint. It will be presumed, in the absence of proof to the contrary, that the corporation counsel was authorized to bring the suit. *Osborn v. U. S. Bank,* 9 Wheat. 739; *Esley v. People,* 23 Kan. 510; *Farmers' Bank v. Troy City Bank,* 1 Doug. 457; 3 Am. & Eng. Enc. Law (2d ed.), 375, and authorities there cited. The complaint in this case was verified by the mayor, and signed by the corporation counsel.

No reference is made by either appellant or respondents to the ground of demurrer that several causes of action were improperly united, and for that reason it will not be further noticed.

The cause is reversed, with instructions to the lower court to overrule the demurrer.

REAVIS, C. J., and ANDERS, FULLERTON, HADLEY and DUNBAR, JJ., concur.

WHITE, J., not sitting.