[No. 4262.   Decided September 15, 1902.]

English-McCaffery Logging Company, *Appellant,* v.
Annie P. Clowe, *Respondent.*

NON-INTERVENTION WILLS — DISCHARGE OF TRUST — JURISDICTION OF
COURT TO ORDER SALE OF REALTY.

The superior court, sitting in probate, had no jurisdiction to make an order of sale of the real estate of a testator, where it was held by the executrix under the terms of a non-intervention will, had been settled without the intervention of the court, the debts of the estate had all been paid, the property remaining had vested in the devisees named in the will, and the trust reposed in the executrix had been concluded, prior to her application for such order of sale.

Appeal from Superior Court, Skagit County.—Hon. Jeremiah Neterer, Judge. Affirmed.

*Million & Houser,* for appellant.

*George T. Thompson,* for respondent.

The opinion of the court was delivered by

Reavis, C. J.—Suit to quiet title to real property situated in Skagit county. The complaint alleged the premises were vacant and unoccupied, and that plaintiff was the owner thereof, and that defendant claimed some interest therein, and such claim was without foundation or

46 -- 29 Wash.

right.    Defendant answered, denying the ownership of plaintiff, and setting up title in herself.    The title asserted by plaintiff was through a deed made by Mattie V. Lynde as the executrix of the estate of her mother, Cassandra J. Lynde.    The defendant deraigned title to the realty through a quit-claim deed from said Mattie V. Lynde and a deed from her brother Frank H. Lynde as devisees under the will of said Cassandra J. Lynde.    The will was executed January 15, 1892.    By its terms it directs the payment of all debts of the testatrix, and after the payment of $300 to a son, George W. Lynde, made the following provisions:

"III.    I give and bequeath to my daughter, Mattie V. Lynde, aged twenty-one (21) years, and to my son Frank H. Lynde, aged seventeen (17) years, all my property, both real, personal and mixed, of whatever nature, kind or description, and wheresoever situated, of which I may die seized, or possessed, or entitled to the possession of, or have any interest or expectancy therein, to the said Mattie V. Lynde and Frank H. Lynde, to have and to hold said property in equal, undivided portions thereof.

"IV.    I hereby nominate and appoint the said Mattie V. Lynde of Skagit county, state of Washington, sole executrix of this my last will and testament, and direct her to carry its provisions into effect; and it is my will that no bond of any kind whatever shall be required of my said executrix; that my estate shall be settled as shall seem best to my said executrix; that letters testamentary shall not be required but that after the probate of this my last will and testament my said estate shall be managed and settled by my said executrix without the intervention of any probate or other court whatever."

At the conclusion of the trial the material facts were found by the court, to which no exceptions are preserved here, as follows:    That Cassandra J. Lynde died in California, May 13, 1895, possessed of the real estate in con-

troversy; that on the 7th of June, 1895, the will was duly admitted to probate in Skagit county; that the executrix caused notice to be given to creditors July 12, 1895; that on the 12th day of June, A. D. 1896, the said Mattie V. Lynde, for a valuable consideration, duly executed, acknowledged, and delivered to said Frank H. Lynde a quit-claim deed, whereby she forever quit-claimed unto the said Frank H. Lynde, his heirs and assigns, all her right, title, and interest in and to the lands hereinbefore described. Said deed contained no reference whatever to the fact that the grantor was the executrix of said will, or to the fact that either the grantor or grantee was a devisee under said will; and said deed, on its face, did not purport to be executed by virtue of any power conferred upon the grantor by said will. Said deed was filed for record in the office of the auditor of Skagit county, Washington, on the 20th day of June, A. D. 1896, and appears of record in volume 32 of Deeds, at page 666, of the public records of Skagit county, Washington. That on the 21st day of July, A. D. 1898, for a valuable consideration, the said Frank H. Lynde and wife conveyed by deed to the defendant the lands hereinbefore described, which said deed was duly executed, acknowledged, and delivered, and was duly filed in the office of the auditor of Skagit county, Washington, and duly appears of record in the public records of said county; that no letters testamentary were ever issued to the said Mattie V. Lynde, and she never took an oath for the performance of her duties as executrix of said will, and never made, executed, or entered into any bond; that on the 23d of January, 1899, said Mattie V. Lynde filed with the clerk of said court her report, in which she showed that she had received enough to pay all debts of the deceased and the legacy of $300 mentioned in the will, and had a balance remaining of $20.08, and that no

personal property had come into her hands, and praying the court to make an order for the sale of the real estate to pay the following expenses:

Compensation, executrix.............$300.00
Expenses........................    50.00
Attorney's fees...................    100.00
Tombstone.......................    200.00

$650.00

—And the court thereupon issued an order to show cause why said sale should not be authorized, which was published, and at a hearing on the first day of March, 1899, an order was made directing said executrix to sell said lands for the purposes set forth in the report, and on the 28th of April, 1899, the executrix returned to the court that she had sold said lands on the 1st day of April, 1899, to the plaintiff herein for the sum of $600, and on the 28th of April, 1899, the court made an order confirming said sale and directing the executrix to execute a conveyance to the plaintiff of said land upon the payment of $600, and on the 3d day of May, 1899, the deed was executed and acknowledged and delivered to the plaintiff; that E. C. Million was the attorney for Cassandra J. Lynde at the time of the making of said will, and was the attorney for said Mattie V. Lynde in all her doings and transactions as executrix of the said will, and represented her in all proceedings had in court. He was also secretary of the plaintiff, and one of the directors thereof; and he made the sale of said land to the plaintiff for the said Mattie V. Lynde, and the plaintiff bid in said land under his direction. At the time of the sale of said property to plaintiff it had full knowledge of all the facts hereinbefore set out. That only $150 has been paid by the plaintiff on the purchase price of said land. $100 has been paid by E.

C. Million, secretary of and·director in said corporation, cancelling a claim for attorney's fee against the said executrix. The balance remains unpaid. No tombstone or monument of any kind has been erected over the grave of said Cassandra J. Lynde, deceased; and, at the time the proceedings were had in probate, Mattie V. Lynde, the executrix, had ceased to be a resident of this state, and was a resident of California.

Upon these findings the superior court. concluded that the order of sale and the order confirming the sale in the probate court were void for want of jurisdiction, and that the deed executed to the plaintiff by the executrix was void, and the court confirmed title in the defendant. It will be observed the will was a non-intervention one, and the estate was settled by the executrix without the intervention of the probate court. The debts of the testatrix had all been paid, and the property was vested in the two devisees mentioned in the will. They had conveyed title thereto, for a valuable consideration, to the defendant. The trust reposed in Mattie V. Lynde relative to this real property was concluded. The subsequent appearance by Mattie V. Lynde in the probate court was without right or authority, and the entire proceedings were void. The plaintiff had full knowledge of all these facts, and was a participant in their invalidity. These observati·ʉs are sufficient to dispose of the case.

The judgment is affirmed.

Fullerton, Hadley, Mount, Anders, White and Dunbar, JJ., concur.