**650**                    SPRAGUE v. BETZ.

jectionable in every particular, and the judgment is therefore affirmed.

MOUNT, C. J., RUDKIN, ROOT, and CROW, JJ., concur.

---

[No. 6322. Decided December 8, 1906.]

CLARK W. SPRAGUE, *Executor of John W. Sprague, Deceased, Appellant,* v. JACOB BETZ *et al., Respondents.*[1]

WILLS — TRUSTS — CONVEYANCE BY EXECUTORS UNDER POWER OF SALE—CONSIDERATION—SATISFACTION OF DEBT SECURED BY VOID MORTGAGE. Where executors and trustees in a nonintervention will are empowered to sell the real estate without notice, upon such terms as they deem best, but have no power to mortgage it, and convey the property without consideration for the purpose of securing a mortgage, and use the proceeds of the loan to pay debts of the estate and legacies, the mortgagor subsequently reconveying the title, the amount due to the mortgagee, secured by such void mortgage, and the compromise of foreclosure actions, are a sufficient consideration for the sale and conveyance of the real estate to the mortgagee, by the executors, under an agreement for the satisfaction of the debt, with right of redemption reserved to the beneficiaries within a stated time; and such conveyance is authorized by the power of sale contained in the will.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered April 9, 1906, in favor of the defendants, upon sustaining a demurrer to the amended complaint, dismissing an action to set aside a deed. Affirmed.

*Fogg & Fogg* and *Campbell & Powell,* for appellant.

*John C. Stallcup* and *J. W. A. Nichols,* for respondents.

MOUNT, C. J.—A demurrer was sustained to the amended complaint in this action. Plaintiff elected to stand upon the allegations made in the complaint, a judgment of dismissal was entered, and the plaintiff appeals.

[1]Reported in 87 Pac. 916.

The facts stated in the complaint are, in substance, that John W. Sprague died testate, in Tacoma, on December 24, 1893, leaving a valuable estate therein; that the most valuable asset of the estate consisted of the Sprague block in the city of Tacoma, being a large brick and stone building, and the land upon which this building was located; that the testator, by his will, provided for certain legacies to be paid within a specified time, and left all the remainder of his property to his four sons, viz., Otis, Winthrop W., Clark W., and Charles Sprague, share and share alike. James R. Hayden and Otis Sprague were designated as executors, and the will provided that, in case of the death or refusal of either of these appointees to act, then certain of the sons were appointed as executors, as designated by the terms of the will. The testator directed that the estate should be settled as provided by the will, without the intervention of any court. The testator gave the executors full power and authority to sell any or all of the estate or personal property, except certain parcels, without notice and upon such terms as they should deem best, but no provision was made for the executors and trustees, as they were designated by the will, to borrow money or mortgage any of the estate.

The complaint then alleges, that on December 29, 1893, the will was duly admitted to probate, and that Otis Sprague and James R. Hayden were appointed executors, and qualified as such, and acted in that capacity until December, 1898, when they resigned and Winthrop W. and Clark W. Sprague became executors and trustees, and continued to act until 1903, when Winthrop W. Sprague died; that Charles Sprague died about the same time, so that Clark W. Sprague is now the sole surviving executor and trustee of the estate; that in August, 1894, Otis Sprague, then one of the trustees of the estate, applied to the Provident Life & Trust Company for a loan of $55,000 to the trustees, offering as security therefor a mortgage upon a part of the Sprague

block; that the Provident Life & Trust Company examined the property and was satisfied with the security, and agreed to make the loan, provided the title should be passed by its attorney. Subsequently, the attorney for the trust company rejected the security, for the reason that the trustees had no authority under the will to mortgage the property of the estate. Otis Sprague then asked the attorney for the trust company if there was not some way by which the title could be adjusted so as to satisfy the trust company, and was informed by the attorney that, inasmuch as the will gave the trustees full power and authority to sell the property, they could convey the property to one of the residuary devisees, and that such devisee could then borrow the money and secure the same by a mortgage upon the property, and then reconvey the property to the trustees. Otis Sprague then went to the agent of the trust company and asked him if a loan could be made to Charles Sprague, if the property were transferred to said Charles Sprague by the trustees. Said agent answered that all matters pertaining to the title were left to their attorney, and that if said attorney passed the title, the loan would be made. Said attorney thereupon advised the agent of the trust company that a mortgage by Charles Sprague, under the circumstances, would give a valid lien upon the property. The trustees thereupon executed a deed conveying a certain portion of the Sprague block to Charles Sprague, for an expressed consideration of $120,000, and, thereupon, Charles Sprague executed his note and mortgage in favor of the trust company for $55,000, due five years from date, with interest at the rate of seven per cent per annum. The deed and mortgage were executed in August, 1894. The said $55,000 was thereupon paid directly to the trustees of the Sprague estate by order of Charles Sprague. About four weeks later, Charles Sprague transferred the property back to the trustees of the estate, for an express consideration of $120,000. The money received from this

loan was used for the benefit of the estate. Forty thousand dollars was used to satisfy a mortgage existing on the Sprague block, at the time of the death of John W. Sprague, and the other $15,000 was applied to the payment of a legacy designated by the will. In September, 1895, Otis Sprague, as trustee, again applied to the trust company for another loan of $30,000, upon another portion of the Sprague block. This loan was subsequently made in the same way as the one above stated.

The complaint alleges, that $6,300 of this last-named loan was used to pay taxes and assessments against the Sprague block, but the plaintiff does not know how the balance was expended; that Charles Sprague paid nothing for either of said conveyances to him by the trustees of the estate, and never took possession of the property, nor exercised any acts of ownership over the same; that he took no part in the negotiations leading up to the loans, beyond signing his name to such papers as he was advised to sign; that each of such conveyances was a sham and fictitious sale, made with the knowledge of the trust company, in order to evade the terms of the will of John W. Sprague, deceased, and that the mortgages made by Otis Sprague were illegal and void; that the trust company never loaned any money to the trustees of the estate, but loaned the same to Charles Sprague. The complaint then alleges that, in April, 1897, the trust company brought two actions in the superior court of Pierce county to foreclose the said mortgages executed by Charles Sprague to the trust company. One action was brought for each mortgage. Charles Sprague, the trustees of the estate, and each of the heirs, legatees and devisees under the will were made parties in these foreclosure actions.

The complaints in these actions alleged, that default had been made in the payment of interest, etc., and that the notes were then due; that the defendants in said actions appeared and answered the complaints, setting up the fictitious char-

acter of the mortgages, whereupon the trust company filed demurrers to the answers. These demurrers were sustained, the court holding that the mortgages were invalid. Thereupon, a stipulation was entered into by the attorneys representing the Provident Life & Trust Company (the plaintiff in the foreclosure actions) and the defendants therein, to the effect that the trustees of the Sprague estate and the residuary legatees under the will, including the plaintiff in this action, should convey to the trust company the mortgaged premises by a quitclaim deed, in satisfaction of the money advanced upon said mortgages, and that the trust company should have possession of the property and the rents thereof, but that the said legatees, or any one of them, might, within three years from the date of the stipulation, repurchase the said property, upon the payment of $107,-215.65, with interest thereon at the rate of seven per cent per annum from the date of the stipulation, less the net rentals of the property. The consideration for this stipulation was the dismissal of the foreclosure suits, and the payment to the trustees and legatees of $1,075, in addition to the amount then owing from the estate to the trust company. Thereupon, on December 1, 1897, the trustees of the Sprague estate and the residuary legatees, executed a quitclaim deed conveying the Sprague block to the said trust company, and delivered possession thereof to said company.

The complaint alleges, that the property at that time was of the actual value of $280,000, and is now of the value of $400,000 or $500,000; that, owing to the depressed condition of the real estate market and lack of funds, the said trustees have been unable to pay or discharge the claim of the trust company for the money advanced to the trustees of the estate, or to demand a reconveyance of said property, until at this time, and that the defendants, through the trust company, now claim to own said property. The complaint also alleges that the defendants herein, Betz and wife, have purchased the said Sprague block, but that prior to such

purchase, and prior to the payment of any part of the purchase price thereof, the said defendants had actual and constructive knowledge of all the facts herein stated; that the improvements upon the property are now the same as in December, 1897, when the quitclaim deed was made; that large sums remain due upon legacies and debts of the estate, and there is no other property of the estate, and said estate has not been settled or closed. The prayer is for a decree adjudging the defendants to be trustees of the property for the benefit of the estate of John W. Sprague, deceased, for an accounting of rents and profits, and for an accounting of the amount due on account of the loan to Charles Sprague, as above stated, and for general relief.

Counsel for appellant have very learnedly and exhaustively discussed many questions in their briefs, among which questions are, that the transfers to Charles Sprague and the mortgages made by him to the Provident Life & Trust Company were void, because such mortgages were really the mortgages of the trustees who were given only the power to sell, and not the power to mortgage, and, therefore, the said mortgages were void; that the obligation to repay the money loaned by the Provident Life & Trust Company to Charles Sprague was the personal obligation of Charles Sprague, and not the obligation of the estate of John W. Sprague, deceased, and that, therefore, the quitclaim deed of December 1, 1897, was without consideration and void. In view of the conclusion which we have reached, it will not be necessary to discuss the other questions presented. We may assume, for the purposes of this case, that the trustees of the estate of John W. Sprague, deceased, had no power to borrow money or mortgage the estate; that the mortgages actually made were, in fact, the mortgages of the trustees and, therefore, void, and created no lien against the estate. But it does not follow that the quitclaim deed executed in 1897 by the trustees of the estate of John W. Sprague and the residuary

legatees to the Provident Life & Trust Company, was without consideration or void. It is not claimed, as we read the allegations of the complaint, that the money advanced upon. the strength of the mortgages made by Charles Sprague, was not advanced in good faith by the trust company, and received by the trustees in good faith, and so used to satisfy claims for debts and legacies against the estate. On the other hand, it appears that the money was advanced in good faith, and was so received and used by the trustees for the benefit of the estate. The estate was therefore bound in good conscience to repay it. *Deery v. Hamilton*, 41 Iowa 16; *Iowa Loan & Trust Co. v. Holderbaum*, 86 Iowa 1, 52 N. W. 550; *Thomas v. Provident Life & Trust Co.*, 138 Fed. 348.

When the Provident Life & Trust Company brought actions to foreclose their mortgages, these mortgages were held void. But the trustees of the estate and the four residuary legatees, one of whom was this appellant in his personal capacity, realizing, at that time, that the estate was justly indebted to the trust company in the sum of $107,-215.65, and that they had full power to sell the estate, "with or without notice, and upon such terms either for credit or cash as they should deem best," concluded that they should sell that part of the estate in question in satisfaction of this debt. The trustees exercised that power and sold, upon condition that the residuary legatees, or any one of them, might repurchase upon payment of the purchase price less the net profits at any time within three years thereafter, and as indicating the character of the sale, the stipulation, at page 358, provided:

"But this stipulation shall be construed only as an agreement on the part of the plaintiff [Provident Life & Trust Company] to sell said premises at any time within three years, and upon the expiration of said three years, this agreement to sell shall cease and determine, without any act or declaration on the part of the plaintiff, and thereafter the title to said premises, both legal and equitable, shall be abso-

lutely in the plaintiff, and its right to sell and dispose of
the same free of all claims on the part of the stipulating
defendants, shall be unquestioned."

It cannot be doubted that the trustees of the Sprague
estate were authorized to sell the estate at the time of this
transaction for the sum of money owing by the estate to the
Provident Life & Trust Company. If a sale had been made
to a third party upon the terms and conditions entered into
with the Provident Life & Trust Company, there can be no
doubt that it would have been a valid sale. We see no reason
why it could not have been made directly to the Provident
Life & Trust Company in satisfaction of a debt owing by
the estate to the trust company, which debt the trustees were
obligated to pay. While the mortgages given to secure the
debt were void, because beyond the power of the trustees to
make, the sale of the estate was, we think, within the power
of the trustees, and transferred the estate to the purchasers,
who thereupon took possession and have continued to hold
the same, not as security for a debt but as an absolute sale.
*Dabney v. Smith*, 38 Wash. 40, 80 Pac. 199.

The case of *Thomas v. Provident Life & Trust Co., supra*,
was a case brought by a creditor of certain residuary lega-
tees of the will of John W. Sprague, deceased, against such
legatees, to subject the interest of such legatees to the pay-
ment of certain judgments recovered by such creditors. In
that case a complete history of the estate of John W.
Sprague, deceased, is set out. It was there said, at page 349:

"The trust company undoubtedly loaned its money in good
faith. It could have had no object or purpose in doing other-
wise. The borrowed money was used by the executors in
discharging legal incumbrances on the estate, and in paying
the debts of the estate. Afterwards, in consideration of their
obligation to repay the money so advanced, the executors
executed a quitclaim deed to the trust company. Who of
the parties to this record was in a position to attack that

42—44 WASH.

conveyance? It is unnecessary to say that the executors themselves were in no such position."

And yet, in this case, brought after the decision in that case, the plaintiff and sole surviving executor of the estate, seeks to set aside that conveyance. The plaintiff, in his personal capacity, joined in the execution of that conveyance. Under the facts alleged, the money was advanced to the trustees, and not to Charles Sprague or to his credit. The trustees were, in equity, bound to repay the money, and were authorized under the law, to sell the property to repay the money. The sale was absolute at the end of three years, and was therefore more than a mortgage, because it transferred the whole title. We think that the complaint fails to state facts sufficient to constitute a cause of action.

The judgment of the lower court was right, and is affirmed.

ROOT, CROW, DUNBAR, HADLEY, FULLERTON, and RUDKIN, JJ., concur.