[No. 9293. Department One. April 17, 1911.]

*In the Matter of the Estate of* FRANCIS M. GUYE.

ELIZA W. P. GUYE, *Respondent,* v. JOHN W. GUYE *et al.,*
*Appellants*[1]

EXECUTORS AND ADMINISTRATORS—ALLOWANCES TO WIDOW—JURIS-
DICTION—NONINTERVENTION WILL—WITHDRAWAL OF ESTATE FROM AD-
MINISTRATION. The probate court has no jurisdiction to order an
allowance to a widow, upon the settlement of an estate under a
"nonintervention" will, within Rem. & Bal. Code, § 1444, authorizing
such settlement without the intervention of any court; and the stat-
utory provisions with reference to the widow's use of the homestead
and other articles, exemptions, and a money allowance, in the case
of estates settled through probate proceedings have no application;
the two methods of settlement being distinct.

Appeal from an order of the superior court for King
county, Frater, J., entered October 14, 1910, granting to a
widow an allowance out of an estate being administered under
a nonintervention will, after a hearing on the merits before the
court. Reversed.

*Higgins, Hall & Halverstadt,* for appellants.

*Blaine, Tucker & Hyland,* for respondent.

[1]Reported in 114 Pac. 1041.

FULLERTON, J.:—On May 25, 1908, one Francis M. Guye, a resident of King county, Washington, died therein, leaving an estate consisting of real and personal property. He left a will by which he disposed of all of his estate, naming the appellants, John W. Guye and Rolland H. Denny, as executors thereof. The will is what is known as a nonintervention will, and contained the following clause:

"I will and direct that my estate shall be settled in the manner provided in this my last will and testament; that no bond or bonds shall be required of my said executors and trustees, in either capacity; that neither letters testamentary nor of administration shall be required by my said executors, or either of them, and that it shall not be necessary for them, or either of them, to take out letters testamentary or of administration, but they, or either of them, shall have this my last will and testament duly probated and shall file a true inventory of all the property of my estate, in the manner required by existing laws, and after the probate of this will and the filing of such inventory, my said estate shall be managed by my said executors and trustees, and the survivor of them, or in case only one of them qualify, then by such one, and settled without the intervention of any court."

The statute relating to nonintervention wills is found in Rem. & Bal. Code, at § 1444, and reads as follows:

"In all cases where it is provided in the last will and testament of the deceased that the estate shall be settled in a manner provided in such last will and testament, and that letters testamentary or of administration shall not be required, and where it also duly appears to the court, by the inventory filed, and other proof, that the estate is fully solvent, which fact may be established by an order of the court on the coming in of the inventory, it shall not be necessary to take out letters testamentary or of administration, except to admit to probate such will, and to file a true inventory of all the property of such estate in the manner required by existing laws. And after the probate of such will and the filing of such inventory all such estates may be managed and settled without the intervention of the court, if the said last will and testament shall so provide: But provided, that in all such cases the claims against such estates shall be paid within one year from the date of the first publication of notice to cred-

itors to present their claims, unless such time be extended by the court, for good cause shown, for a reasonable time: Provided, however, In all such cases, if the party named in such will as executor shall decline to execute the trust, or shall die or be otherwise disabled from any cause from acting as such executor, then letters testamentary or of administration shall issue as in other cases: And provided further, If the party named in the will shall fail to execute the trust faithfully and to take care and promote the interests of all parties taking under the will, then, upon petition of a creditor of such estate, or of any of the heirs, or of any person on behalf of any minor heirs, it shall be the duty of the court of the county wherein such estate is situated to cite such person having the management of such estate to appear before such court, and if, upon hearing of such petition it shall appear that the trust in such will is not faithfully discharged, and that the parties interested, or any of them, have been or are about to be damaged by such actual doings of the executor, then letters testamentary or of administration shall be had and required in such cases, and all other matters and proceedings shall be had and required as are now required in the administration of estates, and in such cases the costs of the citation and hearing shall be charged against the party failing and neglecting to execute the trust as required in such will."

The executors named in the will accepted the trust, and thereupon took such steps as were necessary under the statute to establish their rights to manage and settle the estate without the intervention of the court. After this had been done, the respondent, who is the widow of decedent, petitioned the court before whom the probate proceedings were had for an allowance out of the estate, and sought to bring the executors before the court by serving upon their attorneys a copy of the petition, together with a notice signed by her own attorneys reciting that the petition would be called for hearing before the court at a time named therein. The executors, at the time appointed, appeared specially and moved to quash the proceedings for want of jurisdiction over their persons and over the subject-matter. The motion to quash was heard

by a court commissioner, who dismissed the application for the reasons stated in the motion to quash. A demand for revision of the order of the commissioner was thereupon sued out, and on the hearing thereon before the superior court, the order of dismissal entered by the court commissioner was reversed and the petition reinstated. The executors thereupon, still preserving their special appearance, answered the petition. Thereafter the petition was heard upon its merits, at the conclusion of which the court made a money allowance to the widow of $1,500, and directed the executors to pay her out of the funds of the estate $150 per month until the further order of the court. The executors appeal.

The appeal presents but a single question, namely, the jurisdiction of the court to make the order from which the appeal is taken. It has seemed to us that it was without such jurisdiction. The statute in clear and explicit terms provides that certain estates under certain conditions can be managed and settled without the intervention of the court sitting in probate, and the record before us makes it clear that this is one of the estates that fall within the statute. If this statute is to have force and effect, there can be but one conclusion drawn therefrom; namely, the superior court sitting in probate has no jurisdiction to make orders with reference thereto. But counsel for the respondents, if we understand their argument, contend that there are other statutes relating to the administration of estates in *pari materia* with the one in question, which must be construed in connection with it, and when so construed, materially modify its seemingly direct provisions. The statutes cited are those relating to the right of the widow and minor children of the deceased to remain in possession of the homestead of the deceased, their right to have possession of the wearing apparel of the family and the household utensils, to have set apart to the use of themselves without cost such property of the deceased as was exempt from execution, to have a money allowance of the estate for their support, and the kindred statutes regulating the due ad-

ministration of estates when the proceedings are had through the probate court. But plainly these statutes have no application to cases such as the one at bar. As we said in *Shufeldt v. Hughes*, 55 Wash. 246, 104 Pac. 253, our statutes provide two distinct methods of settling an estate under a will. One method is to probate the will under the direction of a court having jurisdiction in probate, and the other to settle it in the manner provided by the will, through an executor named in the will, without the intervention of the probate court. In the former method, the statutes cited by the appellant have full force and effect and govern the proceedings. But they have no application to the latter method. What sums shall be taken from the estate for the support of the widow and the children must be determined by the executors themselves in the first instance. It may be that should an allowance be refused by the executors, or should the amount allowed by them prove inadequate, the court, in the exercise of its equity powers, could afford relief; but such relief must be granted in a suit or action brought in the regular way; it cannot be granted by the court in the exercise of its probate powers.

The question of the right of the executor to administer upon the estate of his decedent under a nonintervention will is not a new one in this state. Indeed, the statute authorizing such a will has been on the statute books since early territorial days, and has uniformly been construed to confer upon the executors of a will drawn pursuant to its provisions the right to execute the trust without interference on the part of the court, except, of course, upon the happening of some one or more of the conditions provided in the statute itself which specially authorize such interference. The following cases bear more or less directly thereon: *Newport v. Newport*, 5 Wash. 114, 31 Pac. 428; *Miller v. Borst*, 11 Wash. 260, 39 Pac. 662; *Smith v. Smith*, 15 Wash. 239, 46 Pac. 249; *Walla Walla v. Moore*, 16 Wash. 339, 47 Pac. 753, 58 Am. St. 31; *Moore v. Kirkman*, 19 Wash. 605, 54 Pac. 24; *State ex rel. Phinney v. Superior Court*, 21 Wash. 186, 57 Pac. 337;

*State ex rel. Cox v. Superior Court,* 21 Wash. 575, 59 Pac. 483; *Boyer v. Robinson,* 26 Wash. 117, 66 Pac. 119; *Seattle v. McDonald,* 26 Wash. 98, 66 Pac. 145; *In re Macdonald's Estate,* 29 Wash. 422, 69 Pac. 1111; *English-McCaffery Logging Co. v. Clowe,* 29 Wash. 721, 70 Pac. 138; *Sprague v. Betz,* 44 Wash. 650, 87 Pac. 916; *Foley v. McDonnell,* 48 Wash. 272, 93 Pac. 321; *Martin v. Moore,* 49 Wash. 288, 94 Pac. 1087; *Strand v. Stewart,* 51 Wash. 685, 99 Pac. 1027; *Shufeldt v. Hughes, supra.*

The trial court being without jurisdiction to make the order appealed from, it is ordered that its judgment be reversed, and the cause remanded with instructions directing it to refuse the application for an allowance.

DUNBAR, C. J., MOUNT, PARKER, and GOSE, JJ., concur.