[No. 18935.    Department One.    November 14, 1924.]

THE STATE OF WASHINGTON, *on the Relation of Oakley Johnson, Plaintiff,* v. THE SUPERIOR COURT FOR WALLA WALLA COUNTY, *Edward C. Mills, Judge, Respondent.*[1]

EXECUTORS AND ADMINISTRATORS (156)—ACCOUNTING AND SETTLEMENT—JURISDICTION—EFFECT OF NON-INTERVENTION WILL. Where there are no debts, and an order decreeing the solvency of an estate, in which the title to real estate vested immediately by virtue of a non-intervention will, the probate court had no jurisdiction, under former laws, of a petition filed in the matter of the estate seeking an accounting of rents and profits of the lands; nor is such jurisdiction conferred by the enactment, two years after the decree of solvency, of Rem. Comp. Stat., § 1462, giving the court power, upon application, to make decrees of distribution in estates settled under non-intervention wills, since the law presumes distribution to have been made after the lapse of two years.

SAME (38, 156)—MANAGEMENT OF ESTATE—ACCOUNTING—NON-INTERVENTION WILL—LAPSE OF TIME—JURISDICTION. The inventorying of separate property as the community property of the surviving spouse, and failure to pay taxes and assessments, is not such mismanagement as to give the probate court jurisdiction of a petition for an accounting in the settlement of an estate under a non-intervention will, after the lapse of two years.

[1]Reported in 230 Pac. 434.

Application filed in the supreme court September 29, 1924, for a writ of prohibition to prevent the superior court for Walla Walla county, Mills, J., from further proceeding with a cause. Granted.

*John C. Hurspool,* for relator.

*Evans & Watson,* for respondent.

TOLMAN, J.—This is an original action in this court by which relator seeks a writ of prohibition enjoining and prohibiting the superior court of Walla Walla county from further proceeding in a probate matter. The facts, as they are made to appear here, are substantially as follows:

Ellene M. Johnson, being then the wife of Oakley Johnson, and the mother of two daughters, died about April 14, 1904, leaving a non-intervention last will, by the terms of which she devised and bequeathed to each of the daughters the sum of five dollars, and to her surviving husband all of the remainder of her estate, consisting in the main of real property, in the following language:

"I give, devise and bequeath to my said husband, Oakley Johnson, his heirs executors administrators and assigns forever all my property and estate of every nature and character, whether real personal or mixed and wheresoever situated, except as in the next article hereof otherwise disposed of and herein excepted I devise the NE¼ of NW¼ of Sec. 35, Township 7 N. R. 35 in Walla Walla County, Washington, to my said husband during his lifetime or while he remains unmarried and at his death or remarriage to revert to my daughters hereinafter named."

The husband was named as sole executor, without bond, and authorized to settle and distribute the estate without the intervention of the probate court. The will was admitted to probate by order dated April

19, 1904; notice to creditors was duly published, the first publication being on June 25, 1904, and on September 2, 1904, an inventory and appraisement having theretofore been duly made and filed, the superior court, sitting in probate, made and entered its order declaring the estate solvent, and authorizing the executor named in the will to administer it without further intervention of the court.

No further action was had by the court touching the administration of such estate; no claims of creditors were filed, and so far as appears, the estate was not indebted at any time.

In 1922, the surviving husband named in the will, the relator here, remarried, and thereafter in May, 1924, the daughters, Ella May Beale and Lena Leota Devine, filed a petition entitled in their mother's estate, in the superior court, alleging that they were the daughters and only heirs at law of the decedent, and the two daughters named and provided for in her last will, setting up the proceedings had in the probate court which we have heretofore adverted to, and alleging that the relator, at all times since the initiation of such proceedings, had continued in office as executor of said estate. They further allege that the real estate mentioned in the will was in fact the separate property of the decedent; that the executor had wrongfully inventoried it as the community property of the deceased and himself as surviving husband; that he had, at all times since the death of the decedent, held, used and occupied the said real property for his personal benefit, and has at no time made to the probate court or to petitioners, or either of them, any accounting or distribution, or payment to them of any of the rents, issues or profits of the real property, though demand therefor has often been made.

It is further alleged that Oakley Johnson remarried on May 18, 1922, and still remains in possession and enjoyment of the lands described, together with the rents, issues and profits therefrom, to the exclusion of the petitioners, and refuses any accounting or distribution thereof; that he has failed to pay general taxes and special assessments for a considerable time, and that, by reason of these matters, the executor has failed to execute his trust and to care for and protect the interests of petitioners; and the prayer of the petition is that Oakley Johnson, as executor, be required to fully account to the court, and to deliver and distribute to the petitioners the forty acres of land described in the will, together with the rents, issues and profits therefrom arising since the date of his remarriage; that the letters testamentary theretofore issued to him be revoked and that one of the petitioners be appointed to complete the adminstration of the estate, and closes with a prayer for general relief.

Upon the filing of this petition, the superior court issued its show cause order under date of May 28, 1924, directing that the executor appear before the superior court on June 10, 1924, and show cause why the relief prayed for in the petition should not be granted. Upon the return day of the show cause order, relator appeared specially in the superior court in response thereto and moved the court to vacate and quash the order and the service thereof, for the reason that the court had no jurisdiction of either the person or the subject-matter, which motion was denied, the trial court holding that it had jurisdiction; whereupon relator, alleging that he had no speedy or adequate remedy by appeal to determine the jurisdiction of the court, and that to seek relief by appeal would be to put him to the expense and delay of a trial, petitioned

this court for a writ of prohibition. A show cause order was issued to the superior court, and upon the return day the matter was argued and submitted.

Respondents do not here raise the question of the adequacy of the remedy by appeal, nor in any way contest the manner of bringing the question to this court, seeming to join with the relator in asking this court to decide the questions presented on the merits. We therefore confine our discussion to the merits of the controversy.

The sole question at issue is whether or not the superior court now has jurisdiction over the relator as executor and of the estate so as to try out matters in controversy between the parties interested therein. The case of *English-McCaffery Logging Co. v. Clowe,* 29 Wash. 721, 70 Pac. 138, seems to be conclusive upon this point. It was there said:

"It will be observed the will was a non-intervention one, and the estate was settled by the executrix without the intervention of the probate court. The debts of the testatrix had all been paid, and the property was vested in the two devisees mentioned in the will. They had conveyed title thereto, for a valuable consideration, to the defendant. The trust reposed in Mattie V. Lynde [the executrix] relative to this real property was concluded. The subsequent appearance by Mattie V. Lynde in the probate court was without right or authority, and the entire proceedings were void."

Here a much longer time had elapsed. There were no debts, but even if this did not appear, the lapse of time was such that the law would presume they were all paid. The title to the real estate in controversy vested immediately by virtue of the will (Rem. Comp. Stat., § 1366) [P. C. § 9863], and no deed or order of distribution was required to pass or perfect the title. On the basis of the facts here shown, the order of solvency terminated the jurisdiction of the

trial court over the executor and the estate; *In re MacDonald's Estate,* 29 Wash. 422, 69 Pac. 1111; *In re Guye's Estate,* 63 Wash. 167, 114 Pac. 1041; *Fulmer v. Gable,* 73 Wash. 684, 132 Pac. 641.

But the respondents seem to contend that the inventorying of the property as community instead of separate property of the testatrix and the failure to pay taxes and assessments is mismanagement which will give the court jurisdiction. We cannot so hold. While the inventory is the *ex parte* assertion of the executor and might have been attacked in the probate proceedings in a timely manner, yet, after this lapse of time, even if it appeared that the assertion was untrue in fact, that could not be held to be such mismanagement as would now give the court jurisdiction. As to the taxes and assessments, these are alleged to be for the year 1920 and subsequent years, and the court was without jurisdiction at the time they became liens.

Nor can we hold that the amendment of the probate law in 1917, giving the court power upon application to make decrees of distribution in estates settled under non-intervention wills, applies in such a case as this where the law presumes settlement to have been fully completed years before the enactment went into effect. To so hold would be to open the way for the unsettlement of every estate closed under such a will prior to the enactment of the 1917 probate code. The rights of those claiming the fee in the land can and must be determined only in an independent and direct action properly instituted for that purpose.

The permanent writ will issue as prayed for.

MAIN, C. J., BRIDGES, MACKINTOSH, and PARKER, JJ., concur.